* Sewall, J.
I think that Hinsdale, who is summoned [ * 92 J as one of the trustees of the defendants in this action, had no goods, effects, or credits, of the defendants in his hanpls, at the time of the service of this process upon him. He had no property in the execution. The creditors in that execution, the present defendants, could at any time have discharged their debtors by releasing the debt, and thus have rendered the execution of no efficacy. We have gone so far under this statute as to support an attachment of a present debt payable at a future day, but here there is not even that ground. I am clearly of opinion that Hinsdale must be discharged.
Sedgwick, J.
The facts, in this case, are very simple and m t.elligible. Hinsdale, at the time of the service of the summons on him, was a deputy sheriff, and had in his hands a writ of execution, on which, at that time, nothing was collected; but the amount of which afterwards, and before his answer, he did collect and pay over to the order of the judgment creditors, the defendants.
This case comes much short of the question whether an officer, who has collected money by virtue of an execution, and has it in his hands, is so the trustee of the judgment creditor, that such money can be arrested in his hands, on a suit against the creditor.
It becomes me not to call in question the policy of the statute under which this process is brought; and I am not disposed to do it. I may, however, be permitted to observe, as the act is made in derogation of the sacred obligation of contracts, and enables strangers to them to interpose between creditor and debtor to delay their performance, and to create a new obligation, which the latter did not assume, and to discharge that which he did, nothing could authorize such interference, but a necessity to effectuate thereby the purposes of justice. Hence the construction of the statute ought to be a strict one, and not to extend the remedy beyond the mischiefs contemplated by the legislature.
The subjects of attachment in the hands of trustees aré “ goods, effects, and credits, intrusted and deposited in the hands * of others, which cannot be attached by ordinary pro- [ * 93 ] cess.” The writ of execution, itself, no one will pretend is the thing which is to be attached. That, it will be agreed by all, is not the “ goods, effects, or credits,” which was the object of this suit. What was really intended by the plaintiffs was to avail themselves of the effects of the authority which Hinsdale had to collect the amount due on the execution. This authority can in no proper sense *92 be denominated either goods, effects, or credits. It is not, therefore, within the words of the statute. And it as clearly is not within the meaning. It would be a very delicate thing, in any instance, to authorize an interference to arrest the progress of an execution; and if, under any circumstances, it may be done, I see not but that the end and, spirit of judicial proceedings may be delayed indefinitely. But this idea need not be enlarged upon. I am clear that, in this case, the authority given to Hinsdale by the execution was neither goods, effects, nor credits, intrusted or deposited in his hands, so as to render him the trustee of the principal defendants.

M. &f J. Wells,

the judgment debtors on the same execution, were also summoned as trustees of Clark 8f Al., the creditors. The *93 process was served upon them while the execution was in the hands of Hinsdale, the deputy sheriff, who afterwards demanded and received satisfaction, as above stated.
*92 Parsons, C. J.
By the statute on which this process is founded, a creditor is empowered to attach the goods, effects, and credits, of his debtor in the hands of a third person where they may be found, who for this purpose is considered as the trustee of the defendant, his principal; and the statute provides that the goods, effects, and credits, thus attached, shall stand bound in the hands of the trustee, to satisfy the judgment which the plaintiff in the suit may recover The question is whether, by the facts disclosed in the answer, Hinsdale, the deputy sheriff, is the defendants’ trustee because, at the time of the attachment, he was possessed of an execution issued bn a judgment recovered by the defendants, and which the defendants' had delivered to him to execute, agreeably to law.
It is my opinion that, on these facts, Hinsdale is not the defendants’ trustee. The execution in his hands at the time of the attachment may, for some purposes, be considered as effects of the defendants; not so the officer’s authority to execute it, which was derived from the precept of the commonwealth; and, by holding the execution, he was no debtor of the defendants. [ * 94 ] * But the execution cannot be liable to satisfy the plaintiff’s judgment, for it cannot be taken and sold on his execution. Neither can the execution stand bound in the officer’s hands for that purpose ; because the defendants might release the execution at any time before it was served, which, after notice to the officer, would defeat all his authority to execute it. It is therefore very clear that the execution, in these circumstances, was not goods, effects, or credits, of the defendants in the hands of Hinsdale within the-intent of the statute. (a)

Bidwell

contended that they were trustees within the statute. They were the debtors of Clark &f AL, and of course they had in their hands credits, liable to attachment, and which “ stood bound, and were held, to satisfy such judgment as the plaintiffs shall recover against the principal defendants.” These trustees, if so adjudged, will have an adequate remedy to recover back the money which they paid on the execution, by audita querela, so that finally no wrong will take place, but the money will go where it ought to go, viz., into the pocket of a bona fide creditor.
Sewall, J. Two processes of law issued against these trustees at the same time ; and the question is, which shall prevail. One was a writ of execution at common law, which had absolute and immediate control over their bodies, goods, and estates. The other they were to have opportunity to defend themselves against. They were compelled to satisfy the execution; and I am of opinion they cannot afterwards be held as trustees.
Sedgwick, J. As to this question, whether judgment debtors are to be adjudged trustees, it is impossible it should admit of a doubt The amount of an execution actually in operation against them, “goods, effects, and credits, intrusted * and depos- [ * 95 ] ited in their hands! ” What could these debtors do ? They must either pay the money, suffer their goods to be taken and sold, or go to jail. And what would be their remedy ? It is said an audita querela. I will not attempt to refute the idea. The remedy would be ineffectual, and the proceeding absurd and barbarous.
Parsons, C. J. From the facts disclosed by the answers to the interrogatories, it appears that, when the plaintiffs’ writ was served on M. f J. Wells, as the supposed trustees of the defendants, they were the judgment debtors of the defendants, who had sued an execution against them, then in the hands of Hinsdale, a deputy sheriff, to execute. On these facts the Court are to decide whether M. J. Wells are the defendants’ trustees.
The statute which gives this process authorizes the attachment of any goods, effects, and credits, of the defendant in the hands of any person where they may be found, and creates a lien on them in his possession as á trustee, for the satisfaction of the plaintiff’s judgment. It is also made the duty of the trustee to discover and expose the goods, effects, and credits, thus attached, to satisfy the plaintiffs execution. And for discharging this duty, he is protected against all suits of his principal, and in his defence may give the *94 statute in evidence under the general issue. Property, therefore, liable to attachment in the possession of a trustee, must be so situated that he may be able to retain it, to satisfy the plaintiff's judgment, against the will of the principal, and may justify his conduct by a defence in a suit at law. At the time of this attachment, M. &f J. Wells owed the defendants a sum of money secured by a judgment ; and there are cases in which a debt of this description is a credit liable to attachment by force of the statute. In the present case, the judgment creditors had sued out their execution, and the debtors could not lawfully retain the money against them, and defend them selves in an action at law. The creditors could compel payment, or imprison their bodies by a legal process then issued. I am therefore satisfied that this debt, in this situation, was not liable to be attached in the possession of M. 8f J. Wells, [ * 96 ] within the true intent of the statute. The plaintiffs’ Counsel admit that, by their construction of the statute, the trustees must satisfy the defendants’ execution, and afterwards must pay the debt to the plaintiffs, and the relief proposed for the trustee is an audita querela against his principal. This remedy, always expensive, would be often fruitless; and to give this construction to the statute, would expose it to a reproach it does not merit. (a)

 Penniman & Al. vs Ruggles & Al. 6 Mass Rep 166

 Prescott vs. Parker, 4 Mass. Rep. 170.—Howell vs. Freeman & Tr. 3 Mass. Rep. 125.—Thorndike vs. De Wolf & Tr. 6 Pick. 123.—Gridley vs. Harraden, 14 Mass. Rep. 496.—Franklin vs. Ward & Al. 3 Mass. Rep. 136.—Locke vs. Tippets & Tr. 7 Mass. Rep. 148.—Kidd vs. Shepherd, 4 Mass. Rep. 238.— Foster vs. Jones 15 Mass. Rep. 185.