## JACOB ADAMS *vs.* CHARLES BARRETT, *Trustee of* SAMUEL DAKIN.

Where an estate had been represented as insolvent, and the judge of probate had by decree ordered the administrator to pay a certain sum to a creditor, whose claim had been allowed by the commissioners, the administrator was adjudged to be chargeable as the trustee of the creditor.

THE trustee in this case, in answer to the usual interrogatory, stated, that on the 7th October, 1818, he was appointed administrator of the estate of *S. Farrar* deceased; that the said estate had been represented insolvent; that on the 26th of August, 1819, the judge of probate in this county, by decree, ordered him the said administrator to pay to said *Dakin*, as a creditor, whose claim had been allowed by the commissioners, the sum of $123 45, which sum had never been demanded of the said *Barrett* by *Dakin.*

*Ainsworth,* for the plaintiff.

WOODBURY, J. In the consideration of this case, counsel have invited our attention to many decisions in Massachusetts. But the statute of New-Hampshire concerning trustees is much broader than that of Massachusetts; for it subjects to liability whoever " shall have in his possession any " money, goods, chattels, rights or credits of any debtor."(1) Our trustee process also is equally broad, and merely alleges, that the supposed trustee has in " his possession " goods, effects or credits of the debtor."(2)

In this state, then, it is not as there an objection to a recovery, that the trustee is indebted by act of law, and not by a trust or confidence of the principal; because the word " entrusted" is not used either in our statute or writ.(3) It suffices here, that the defendant has in his " possession" a " credit" of the principal.

Again, in the present case, the defendant had in his possession not a gift, as a legacy; but a debt due to the principal.(4) It may be remarked, however, that if it had been a legacy, and had been demanded, he would seem to have had in his possession a " right" or " credit" of the principal, and therefore to have been liable; for here under such circumstances an action at law lies for a legacy.(5) But notwithstanding these differences, it certainly is an objec-

(1) 1 N. H. Laws 173.

(2) 1 N. H. Laws 178.

(3) 7 Mass. Rep. 274, Barnes vs. Trot.

(4) 7 Mass. Rep. 274. 1 ditto 472.

(5) 1 N. H. Laws 577-8, Apx.

tion as valid here as there, that the trustee has no " credit" in his hands, except in an official capacity, and for which he is accountable in the probate office, and not in an action at law. 2 *Mass. Rep.* 92, *Sharp et al. vs. Clark.*—3 *ditto* 289.—8 *ditto* 246.

For in most cases a person cannot be adjudged trustee, unless an action at law could be sustained against him by the principal ; and in the exceptions to this rule, as well as in all other instances, no person should be adjudged trustee, who has in his possession money or credits merely in an official capacity, which he is obliged to account for elsewhere, and which he could not elsewhere account for without delay or embarrassment, if he was held to answer for them in various actions to different individuals who might be creditors of his principal.

Consequently, a sheriff, till after the return day of an execution, cannot be adjudged trustee for money collected on it ; and an administrator, till he is personally liable to an action in consequence of his private promise, the settlement of the estate, some decree against him, or other cause, cannot be liable to a trustee process. Because, till some such event, the principal has no ground of action against him in his private capacity ; and he is bound to account otherwise for the funds in his hands. 8 *Mass. Rep.* 246, *Brooks vs. Cook.*—4 *Day* 87.—2 *Dall.* 73, *M'Combe vs. et al.* The suit against him, till such an event, is against him in his representative capacity, and the execution must issue to be levied *de bonis testatoris*, and not *de bonis propriis*.

But in the present case, the defendant was liable in his private capacity to *Dakin* for the dividend. The debt had been liquidated, and a decree of payment passed. The debt was also due immediately. Execution for it would run against his own goods ; and the trustee process would introduce neither delay nor embarrassment in the final settlement of the estate.

The decisions in Massachusetts may, therefore, be sound law ; but the difference between the statutes, and those dis-

Adams
vs.
Barrett.

tinctions which arise from the peculiar situation of the " credit" in the defendant's hands, after a decree of distribution, render it proper that he should be adjudged trustee.

RICHARDSON, C. J. It does not appear by the answer of the trustee whether the estate of his intestate was actually insolvent or not. If it was, and the sum decreed to be paid to *Dakin* was a dividend, there is no doubt that *Barrett* must be adjudged trustee ; for the decree of the judge made *Barrett* the debtor. And we are of opinion, that if the estate was solvent, the judge might decree payment of the claims allowed by the commissioners in full, and that in that case the decree would make *Barrett* the debtor. So that in either case, the money, which the judge ordered *Barrett* to pay, must be deemed a credit within the meaning of the statute, and *Barrett* must be adjudged to be trustee.