Hurlburt *v.* Hicks et al. & Tr.

Judgment affirmed.

•••>◦◉◦<•••

SAMUEL B. HURLBURT *v.* RICHARD HICKS AND JOHN GOODSELL, and HARMON WOODRUFF AND H. R. & J. J. BEARDSLEY, Trustees.

Where one summoned as trustee is adjudged trustee by the county court, the principal debtor in the case may file and prosecute exceptions to such decisions.

A deputy sheriff, who has received an execution for collection, and who has, during its life, collected the money due upon it, may be held as trustee of the execution creditor for the amount so collected, if he have it in his hands at the time of the service of the trustee process upon him ; and his liability is not affected by the fact that the execution creditor has never demanded of him payment of such money.

An attorney, who has a demand in his hands for collection at the time of the service of trustee process upon him as trustee of his client, for whom he holds the demand, may be held as trustee of the client, if he collect the money upon the demand after such service, but previous to the making his disclosure.

25

---

Hurlburt *v.* Hicks et al. & Tr.

---

TRUSTEE PROCESS. The trustee Woodruff disclosed that he was a deputy sheriff, and as such received for collection two executions upon judgments rendered in favor of the defendant Hicks, and that he collected the amount due thereon during the life of the executions, being in the whole $459,27, and that he held that sum in his hands, belonging to the said Hicks, at the time of the service of the writ in this action upon him. The judgments, on which said executions were issued, were rendered by Franklin county court,' at the September Term, 1843, the executions were dated September 27, 1843, and were made returnable in sixty days, and the writ in this action was served upon the trustee the 29th day of November, 1843.

. The trustees H. R'. & J. J. Beardsley disclosed that they, as attorneys for the said Hicks, commenced a suit against Samuel B. Hurlburt, sometime previous to the service of this trustee process upon them, on a note due from said Hurlburt to said Hicks, and that, some time after the service of this trustee process upon them, they had collected the amount due upon said note, being $130, which sum they still held.

The court, upon these disclosures, adjudged the said Woodruff and the said H. R. & J. J. Beardsley trustees for the amounts specified in their respective disclosures; to which decisions the principal debtors excepted.

*H. R. & J. J. Beardsley* for defendants.

The statute allowing the trustee process is manifestly an interference with the original common law rights and remedies of contracting parties, and should receive a strict construction, and in no case be extended beyond the objects obviously intended by the legislature. We contend, then, that money, thus received by an officer, is not " goods, effects, or credits of the principal defendant, intrusted or deposited with him," within the meaning of the trustee statute.

1. It is evidently not *goods,* or *effects,* of the principal defendant, unless the identical money, received by the officer, is the property of the execution creditor ; and this cannot be, because money is not susceptible of ownership in specie, while in the hands of a third person. *Turner v. Findall,* 1 Pet. Cond. Rep. 261.

Hurlburt *v*. Hicks et al. & Tr.

2.   In order to make this money a *credit* in the hands of the officer, there must be the relation of debtor and creditor between the officer and the principal defendant.   But this cannot be; for the officer is the mere minister of the law, to enforce the payment of the judgment by means of the execution in his hands; he is in no way the agent of the execution creditor, and the money, when collected by him, is in the custody of the law.   In this case the trustee is a deputy sheriff.   He is guilty of no breach of duty, in not paying over the money, until the life of the execution has expired. If he then neglect to pay over the money, the execution creditor must bring his action, not against the deputy, but against the sheriff.

But again, granting that the law would imply a promise on the part of the officer to pay the money, which the execution creditor could enforce against him personally,—when will the law raise this promise, and give the creditor a right of action for a breach of it? Clearly not until the creditor has demanded the money.   Hence there is no point of view in which this money can be regarded as a credit.

3.   Neither was the money " intrusted, or deposited, in the hands, or possession" of the officer.   The creditor intrusted with him the execution,—but the execution debtor deposited the money with him.   *Wilder* v. *Bailey & Tr.*, 5 Mass. 289.   *Pollard* v. *Ross & Tr.*   Ib. 319.

4.   To hold that a sheriff, or other ministerial officer, having money in his hands collected upon an execution, may be summoned and held as the trustee of the judgment creditor is against sound policy, and will open a door for fraud and collusion between the debtor and officer.

*Smalley, Adams & Hoyt* for plaintiff.

I.   The suit should be dismissed, as the trustees did not except to the decision of the county court, and the defendants have no right to except for them.

II.   But, if the defendants can except to the decision of the county court, we insist that the judgment of the court should be affirmed.

1. The policy of our law is to subject the whole estate of the debtor, whether real or personal, whether in possession, or in action, to the process of law to enforce the payment of his debts. *Trombly et al.*, v. *Clark*, 13 Vt. 118. *Hutchins* v. *Hawley*, 9 Vt. 295. Rev. St. 190, §§ 1, 4, 34. Ib. 194, § 33.

2. Woodruff was indebted to the defendant Hicks for the money in his hands at the time of the service of the trustee process upon him, and Hicks had then a right to demand and receive it, and, on neglect, or refusal, might maintain an action of assumpsit against him for it. *Conant* v. *Bicknell*, N. Chip. Rep. 66. *Eastman* v. *Curtis*, 4 Vt. 616. *Hitchcock* v. *Egerton*, 8 Vt. 202. *Denton* v. *Livingston*, 9 Johns. 96. 2 Phil. Ev. 377, 390.

3. As the trustee statutes are remedial, and intended to enlarge the rights of the creditor to reach the effects and credits of his debtor, and to restrict his remedy by arrest, they ought to be liberally and beneficially construed.

The opinion of the court was delivered by

WILLIAMS, CH. J. In this case the trustees were adjudged chargeable on their disclosures. It appears that Woodruff had, as deputy sheriff, collected on execution in favor of Hicks, one of the defendants in this action, an amount, for which the county court adjudged him trustee of Hicks. The execution, on which he collected the money, bore date September 27, 1843, and was returnable in sixty days; he collected the money within the life of the execution; and the writ in the present case was served on him, as trustee, on the 29th day of November, 1843.

The principal debtor excepts to the decision of the county court; and it is objected, that, inasmuch as Woodruff, the trustee, did not except to the decision of the court below, the judgment should be affirmed. It appears to us, however, that the principal debtor, whose interest is affected by the proceeding, and who has been interfered with in the collection of his executions in the hands of the deputy sheriff, may save any question arising on the disclosure of the trustee, and show any good cause why his debts and contracts should not be interfered with.

On the question raised on the disclosure of Woodruff we have

no doubt the decision of the county court was correct. It is sufficient, if the trustee has any credits of the principal debtor in his hands, or is indebted to him absolutely, and not depending on any contingency. A sheriff, having collected money on an execution, is so indebted to the creditor, for which the creditor may maintain an action against him for money had and received. It was so decided in the case of *Dale* v. *Birch et al*, sheriffs of London, 3 Campb. 346, and in the case of *Longdill* v. *Jones*, 1 Stark. R. 345, and that such action could be maintained against the sheriff, even without a previous demand.

These decisions are directly opposed to the case of *Wilder* v. *Bailey & Tr.*, 3 Mass. 289. The latter case, it is true, is supported by very ingenious reasoning; but we apprehend, that, under the statute of this State, which subjects every person to this process having *any* goods, effects, or *credits* of the principal debtor intrusted, or deposited, in his hands, or possession, the case in Massachusetts cannot be received as an authority to control the construction of the statute. The preamble of the statute in Massachusetts was much relied on in the opinion of the court; no such preamble exists in our statute, but all the credits of the debtor are subject to be taken on this process.

It is not material for us to consider whether an action for money had and received could be maintained against the officer by the creditor in the execution, without a previous demand, as was decided in the case of *Dale* v. *Birch et al*, 3 Campb. 346. It is sufficient to say that the officer has credits of the principal debtor in his hands, which may be arrested, or stayed, by the trustee process; and that he has such credits we have no doubt.

It is worthy of observation, that, when the committee of revision reported to the legislature the statute in relation to the trustee process, they, in the 29th section, incorporated a provision, "that no 'person should be adjudged a trustee by reason of any money, or 'other thing, received or collected by him as a sheriff, or other 'officer, by force of an execution, or other legal process, in favor of 'the principal defendant in the trustee process, although the same 'should have been previously demanded of him by the principal de-'fendant, or by reason of any money in his hands as a public officer,

' and for which he is accountable merely as such officer to the
' principal defendant,"—both of which provisions were stricken out
before the present act was passed,—the legislature not considering
it expedient to engraft such an exception upon the statute.

The judgment of the county court is therefore affirmed.

