WILLIAM O. MARVIN vs. SAMUEL W. HAWLEY and others.

A sheriff who has collected money on an execution, is not a *debtor* of the plaintiff in the execution before the return day of the execution. In such a case, the sheriff cannot be garnisheed as a debtor of the plaintiff in the execution; nor can the money so collected by him be attached.

ERROR to St. Louis Circuit Court.

Drake, for Plaintiff.

POINTS AND AUTHORITIES.

1. There was no attachment of the specific money collected by the sheriff, the same not having been seized by the attaching officer and kept in his custody. Rev. Laws of 1835, § 6, p. 77.

2. The money could not be attached in the sheriff's hands, because,

*First.* The money collected by the sheriff is not the property of Marvin, until paid over to him. Dubois vs. Dubois; Turner vs. Fendall; Dawson vs. Holcomb; Thompson vs. Brown; Reddick vs. Smith; Wilder vs. Bailey; Pollard vs. Ross; Zurcher vs. Magee.

*Second.* Money collected by a sheriff on execution is "*in custodia legis*," and therefore not attachable. Dawson vs. Holcomb; Thompson vs. Brown; Staples vs. Staples; Reddick vs. Smith; Wilder vs. Bailey; Zurcher vs. Magee.

*Third.* The sheriff is commanded by the execution to have the money in court, on the return day of the writ, to be paid over to the plaintiff, and no process of this kind shall be allowed to interfere with the performance of this duty. Dawson vs. Holcomb; Zurcher vs. Magee; Turner vs. Fendall.

*Fourth.* Judgments of courts of justice should be *effectual,* which they frequently cannot be, if money levied in pursuance of them can be attached. Alston vs. Clay.

*Fifth.* The execution is *finis et fructus* of legal proceedings, and an attachment shall not be permitted to defeat its office, by preventing the payment of money collected under it. Wilder vs. Bailey.

*Sixth.* To allow the course of legal process to be interfered with in such a manner, must of necessity protract litigation, and produce continual conflict of jurisdiction. Reddick vs. Smith; Ross vs. Clark, 1 Com. Dig., title Attachment, D.; 2 Bac. Ab,, title Customs of London, H.; Turner vs. Fendall, 1 Cranch 117; First vs. Miller, 4 Bibb,

William O. Marvin vs. Samuel W. Hawley, and others.

311; Ross vs. Clarke, 1st Dallas, 354; Dubois vs. Dubois, 6 Cowen, 494; Crane vs. Freese, 1st Harrison, (N. J.) 305; Conant vs. Bicknell, 1st Chipman, (Vt.) 50; Allston vs. Clay, 2 Haywood, (N. C.) 171; Dawson vs. Holcombe, 1st Ohio, 135; Reddick vs. Smith, 3 Scammon, 451; Thompson vs. Brown, 17 Pickering, 462.

3. A sheriff cannot be summoned as garnishee in respect of money collected by him on execution.

All the reasons advanced in support of the second point apply equally to this. The following additional reasons are urged:

*First.* In order to charge a garnishee, it is necessary either that the defendant have a cause of action against him—that is, that the garnishee should be his debtor—or that the garnishee should have in possession personal property of the defendant. When Milburn was summoned as garnishee, we have seen that he had no property or effects of Marvin in his possession, and it is certain that Marvin had no cause of action against him. Maine F. & M. Ins. Co. vs. Weeks; Wilder vs. Bailey; Pollard vs. Ross.

*Second.* Money collected by an officer on execution is not a "credit" in the hands of officer. Credit is the correlative of *debt;* so that the existence of a debt on the one part, is necessary to constitute a credit on the other. If there be no debt, there is no credit. The officer collecting money on execution, is in no sense whatever a debtor of the plaintiff in execution. Wilder vs. Bailey; Lupton vs. Cutter.

*Third.* An officer, deriving his authority from the law, and obliged to execute it according to the rules of law, cannot be holden by process of this kind; because the law will not tolerate such interference in the discharge of his duties. Wilder vs. Bailey, 3 Mass. 289; Pollard vs. Ross, 5 Mass. 319; Chealey vs. Brewer, 7 Mass. 259; Maine F. & M. Ins. Co. vs. Weeks, 7 Mass. 438; Brooks vs. Cook, 8 Mass. 246; Lupton vs. Cutter, 8 Pickering, 303; Staples vs. Staples, 4 Greenleaf, 532; Adams vs. Barrett, 2 New Hampshire, 374; Zurcher vs. Magee, 2 Alabama, (New Series) 253; Pawley vs. Gaines, 1 Tennessee, 208; Overton vs. Hill, 1st Murphy, (N. C.) 47.

In order to exhibit the applicability of the decisions quoted, the language of the attachment laws of as many of the States as could be obtained is subjoined, so far as to designate what in each State was subject to attachment.

MAINE & MASSACHUSETTS.—"Goods, effects and credits, in whose hands or possession soever they may be found."

NEW HAMPSHIRE.—"Whoever shall have in his possession any money,

William O. Marvin vs. Samuel W. Hawley and others.

goods, chattels, rights, or credits, of any debtor, shall be deemed and taken to be trustee of such debtor."

VERMONT.—"Any creditor may cause such person, or persons, having such money, goods, chattels, rights, or credits, to be summoned as trustee, or trustees, of such absconding or concealed debtor."

NEW JERSEY.—"The rights and credits, moneys and effects, goods and chattels, lands and tenements of such debtor, wheresoever the same may be found."

NORTH CAROLINA, TENNESSEE AND ALABAMA.—"The estate of the debtor, wherever the same may be found, in the hands of any person, or persons, indebted to, or having any of the effects of the defendant."

OHIO.—" Lands, tenements, goods, chattels, rights, credits, moneys and effects, wheresoever they may be found."

ILLINOIS.—"Lands, tenements, goods and chattels, rights and credits, moneys and effects, of what nature soever, in whosesoever hands or possession the same may be found."

LESLIE & LORD, for Defendants.

POINTS AND AUTHORITIES.

1. Under the attachment law of this State, an attachment can be served upon the credits of the defendant in attachment, in the hands of the sheriff; he having collected the money for the defendant, it is a credit in his hands, and he thereby becomes the debtor of the defendant, and may be summoned as a garnishee. Sec. 6, R. S. 1835, p. 77.

Amongst the earliest decisions touching this subject, will be found those of Massachusetts. It is now nearly thirty years since the Supreme Court of that State, in the case of Wilder vs. Bailey & Dorling, 3 Mass. 289, decided that a sheriff could not be held as the trustee of the judgment creditor. This case was regarded as having settled the construction of the Statute under which it was made, and has been followed by all the subsequent decisions upon the same subject in that State. By a careful examination of the Statute, it will be seen that it was intended to give a remedy to creditors against a particular class of debtors; that is, against such debtors as had fraudulently entrusted and deposited their "goods, effects and credits," in the hands of others, to prevent their being attached by the ordinary process of law. Justice Sedgwick, in his opinion in this case, after reciting the title, preamble and body of the act, in effect says:

"That unless the goods, effects and credits of the debtor, are deposited and entrusted, *by the debtor himself*, in the hands of the person sought to be held as trustees, they will not be attachable."

Chief Justice Parsons, in the same case, says :

"The statute speaks of goods, effects and credits, entrusted to and deposited with others, so that they cannot be attached by the ordinary process of law, a language implying an *agency or privity of the debtor*, to place his property beyond the reach of ordinary attachment."

And again in the case of Chealy et. al. vs. Brewer and Seaver 7 Mass. R. 259, it is said :

"That the remedy intended by the statute was to enable creditors to obtain satisfaction of their debts, out of the goods, effects and credits of their debtors, *"entrusted and deposited"* in other hands, so that they could not be attached by the ordinary process of law."

And after referring to the particular provisions of the act, Sedgwick, J., says :

"From hence it clearly appears, that the goods attachable by this process must have been previously *entrusted 'to* and *deposited* in the hands of the trustee *by the debtor*."

The remedy then sought by the Mass. Statute, was to enable creditors to reach "goods, effects and credits," "entrusted and deposited" with others, by the agency or privity of the debtor, out of the reach of the ordinary process of attachment ; and inasmuch as money collected by the sheriff for the debtor could not be said to be *"entrusted or deposited"* with him by the debtor, the court very properly decided that he could not be held as a trustee. It was not the case provided for by law, and this, we apprehend, was the real reason for the decision in that State  It must also be borne in mind that an attachment against the property of debtors in Massachusetts, issues in the first instance, attaching the property of the defendant, and holding it to satisfy any judgment which the plaintiff may recover.  Howe's Massachusetts Practice, 155.

The remedy intended to be given by the 1st sub. of sec. 1 of the law concerning attachments, R. S. 1835, was to make the property and credits within this State, of a debtor whose residence was elsewhere, liable to attachment.  The remedy sought by the statute of Massachusetts, and that sought by the statute of this State, is not the same. Decisions, therefore, under the Massachusetts statutes, can be no guide in settling a question arising under the peculiar phraseology of our own. Nor do the cases in the United States Courts touch this case.  In the case of Turner vs. Fendall, 1st Cranch, 117, it was decided : " that

money collected by an officer is not, while in his hands, the property of the creditor; that is, the creditor has no property in the specific pieces of money collected, and therefore the money cannot be levied upon as the property of the plaintiff in the execution;" and there is probably no case either in the State or Federal Courts that goes beyond this. In Massachusetts, as well as in some of the other States, the Judges have said that the sheriff was not the debtor of the plaintiff, and in most of the cases, it will be found that the judges have gone out of the way to say so; for there is not a case in which this decision has been put upon that ground alone. But is it true that the sheriff who has collected money, is not the debtor of the plaintiff in the execution? or that money in his hands is not a credit in favor of the party for whom it was collected? When the execution is satisfied, the judgment is discharged, and the defendant is no longer the debtor of the plaintiff; and so far have the courts carried this doctrine, that when money enough is paid to satisfy the execution, or property sufficient to satisfy the execution is levied upon, it operates, *per se*, as an extinguishment of the judgment. Ex parte Laurence, 4 Cowen, N. Y. R. 417; 8 Cowen, 192; Clark vs. Withers, 2 Ld. Raymond, 1072; Todd vs. Blunt, 4 Mass. R. 402. See also 12th Johnson, 207, and 7 Johnson, 428–9.

To whom then does the money belong, when it gets into the hands of the sheriff? To the plaintiff in the execution, and it is a credit in the sheriff's hands, which by the very words of our statute is attachable. It is true the plaintiff in the execution cannot commence a suit against the sheriff until the return day, not because the money does not belong to him, but because the sheriff was not bound by law to have it before that time; and the right of action does not accrue until after the return day and demand made; but this makes it no less a credit. It might as well be said that a note in the hands of a third person, was not such a credit as might be attached, because it had not matured.

In Conant vs. Bicknell, 1st Chipman's Vt. Rep. p. 50, the court say : "On the receipt of money collected by an officer on execution, the officer becomes the debtor to the plaintiff for the same."

And the same doctrine is recognized in Crane vs. Freese, 1st Harrison, N. J. Rep. 305.

In New Hampshire it has been decided, and that too upon a review of all the decisions previously made in that State as well as others, "that a sheriff may be charged as a trustee of one for whom he has collected money upon an execution, although the money has never been demanded of him, and although the execution be not returned, or returnable." Woodbridge et al. vs. Morse, 5 N. H. Rep. 519.

William O. Marvin vs. Samuel W. Hawley and others.

In New Jersey, in a recent case, it was held:

"That an attachment was well levied upon the credits of the defendant in attachment in the hands of the sheriff; the sheriff having received the money for the defendant in attachment, it was a credit in his hands to that amount." Crane vs. Freese, 1st Harrison, N. J. R. 305.

McBride, J., delivered the opinion of the court.

This was a motion made against the sheriff of St. Louis county, to pay over to the plaintiff the amount of an execution in said sheriff's hands, in favor of the plaintiff, and against the defendants. The circuit court overruled the motion, when the plaintiff having taken his bill of exceptions, has brought the case here by writ of error.

The bill of exceptions shows that an execution in favor of the plaintiff, and against the defendants, was placed in the hands of the sheriff of St. Louis county, returnable to the April term, 1845, of the St. Louis circuit court, at which term it was returned by the sheriff, "satisfied." Upon the return day, and after the return of the execution, the attorney of record of the plaintiff, demanded of the sheriff payment of the money collected, which was refused; whereupon the plaintiff moved the court for an order on the sheriff to pay it over, or show cause why he did not pay it. The sheriff resisted the motion, on the ground that under several attachments, (setting them out by their title) issued by the clerk of the circuit court, the clerk of the court of common pleas, and a justice of the peace of said county, against the plaintiff Marvin; the money had been attached in his hands, and he summoned as garnishee, to answer interrogatories, &c. That he retains the money in his hands only for his own safety, until such time as it shall be determined whether he is liable as garnishee in said attachment suits.

This court is called upon to decide, whether money in the hands of the sheriff, collected on execution, can be attached by a creditor of the plaintiff in the execution, before the return day of the writ.

Marvin not being a resident of this State, the proceeding by attachment was instituted against him, under the first section of the first article of an act, entitled "an act to provide for the recovery of debts by attachment." Approved March 20, 1835, R. C. 76.

By the sixth section of the same article, among other provisions, is the following: "When goods and chattels, money, or evidences of debt, are to be attached, the officer shall seize the same and keep them in his custody, if accessible, and if not accessible, he shall declare to the person in possession thereof, that he attaches the same in his hands, and summon such person as garnishee. When the credits of the defendant

are to be attached, the officer shall declare to the debtor of the defendant, that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt, interest and costs, and summon such debtor as a garnishee."

This latter clause of the act evidently contemplates the existence of the relation of debtor and creditor, between the person garnisheed and the defendant in the attachment. It is the language of the statute itself, and the statute being in derogation of the common law, must be strictly construed. The question then arises, is a sheriff who receives money on an execution by virtue of his official character, the debtor of the plaintiff in the execution?

On this point there is some conflict of authority; the courts of Vermont and New Jersey, and perhaps some other of the State courts, having held that on the receipt of money collected by an officer on execution, the officer becomes the debtor to the plaintiff for the same. 1st Chipman, 50; 1 Harrison, N. J. 305. Whilst it has been decided in Massachusetts, 3 Mass. 289, and by the Supreme Court of the United States, 1st Cranch, 117, that the relation of debtor and creditor does not exist, and that not only has the execution creditor no right of action against the sheriff for money collected on execution before the return day of the execution, but that in strictness of law the sheriff might be held liable for a voluntary payment to the plaintiff before that day.

Money thus in the hands of an officer cannot be considered as a credit; for there cannot be a credit without a creditor and a debtor. The court say that "there is nothing in the reason of the thing resulting from the relation of a judgment creditor, and an officer who has collected money for him, which renders the one a debtor and the other a creditor. There is nothing said in any of the books, which implies that that relation exists between them. On the contrary, money so collected, is in the custody of the law, and the sheriff is the trustee for its safe keeping. Money then, I think, under such circumstances, is not the *goods, effects and credits*, of the judgment creditor in the sense of the act." Upon legal principles, we think the latter decisions are correct.

The reason of the above rule, upon principles of general policy, is still less questionable. If the practice of garnisheeing the sheriff for money in his hands, received on execution, were tolerated, it would not only greatly interrupt the due and speedy administration of the law, and prevent the courts from consummating their judgments, but it would involve the ministerial officers of the court in interminable difficulties and delay in the discharge of their duties.

The writ commands the sheriff to make the money, and have it in

court on the return day thereof. On that day the plaintiff's attorney and witnesses, with the officers of the court who have rendered services, some perhaps under compulsory process, attend to receive their fees; when the sheriff, instead of producing the money, that those who are thus entitled (and some of whom have liens created by law) may be paid their respective demands, certifies to the court that the money has been taken out of his hands by an attachment issued from the office of another court, or from the office of a justice of the peace in the county. If the return will excuse the officer, and it must have that effect, if the proceeding by attachment against him be permitted, then those having liens, and those who have been compelled by law to render services in the cause, are defeated in their just claims, and the court divested of its equitable power to dispose of the money, made by virtue of its own writ, amongst those entitled thereto. If the sheriff be amenable to such a proceeding, it will necessarily impose upon him the burden and costs of attending all the courts in the country, and answering the interrogatories filed against him. He will not only be. compelled to do that, but he will have to decide at his peril upon the rights of all those who have an interest, in law or equity, to the money in his hands. He will furthermore be compelled to incur the responsibility of retaining the money in his hands, until the final determination of the suit by attachment.

It is not the policy of the law thus to embarrass the regular proceedings of the courts, deprive parties of their rights, and impose such onerous and difficult duties on the sheriff. We are then of opinion that money in the hands of the sheriff, collected on execution, cannot be at tached by a creditor of the execution plaintiff before the return day of the writ.

Judgment reversed and cause remanded.