June Term,
1861.

HILL and another vs. THE LA CROSSE & MILWAUKEE
RAILROAD COMPANY.

HILL et al.
v.
LA CROSSE &
MIL. R. R. Co.

Moneys in the hands of a sheriff, collected by him on an execution, cannot be
seized or garnisheed under an attachment in favor of a creditor of the exe-
cution plaintiff. So held in a case where such moneys were garnisheed un-
der an attachment in favor of the sheriff himself. DIXON, C. J., dissented.

14    291
e117   144

APPEAL from the Circuit Court for *Milwaukee* County.

*Hill* and *Rudd* obtained a judgment against the *La Crosse
& Milwaukee Railroad Company*, in the circuit court for Mil-
waukee county in September, 1858; and an assignment of
the same to E. Mariner, dated December 27th, 1858, was
filed in that court June 12th, 1860. On the 13th of No-
vember, 1860, *Langworthy*, sheriff of Milwaukee county,
collected $4,519 74, on an execution issued upon the judg-
ment. On the 20th of the same month, the coroner of the
same county "seized and levied upon said moneys" in the
sheriff's hands, by virtue of a writ of atttachment issued in
an action brought by *Langworthy* against *Hill* and *Rudd*.
On the 22d of December, 1860, the sheriff made a return of
the execution in his hands, setting forth these facts, with
a copy of the writ of attachment annexed. On the 11th of
March, 1861, the circuit court, on motion of the plaintiffs,
made an order directing the sheriff to pay said moneys into
court in five days, with the costs of the motion, and that in
default of such payment an attachment issue against him,
and that he be committed as for a contempt of the court.
From this order the sheriff appealed.

*James G. Jenkins*, for appellant, contended that the court
had no power to order the payment of the money into court
upon the application made in this case. It had only the
power to issue an attachment, and impose a fine not exceed-
ing $200. The remedy of the party aggrieved is by action.
Sec. 115, chap. 13, R. S. 2. If the return made by the
sheriff was insufficient, the court should have ordered a fur-
ther return. 3. The return was complete, and sufficient to
exempt the sheriff from further responsibility. As soon as
the money was paid to the sheriff, the judgment against the

railroad company was in law satisfied. *Gray vs. Griswold*, 7 How. Pr. R., 44. The sheriff then became a debtor to the execution creditors for the amount; to recover which an action could be maintained. The money was therefore the money and effects of *Hill* and *Rudd*, and as such liable to attachment in the hands of the sheriff. *Hurlburt vs. Hicks*, 17 Vt., 193; *Stebbins vs. Peeler*, 29 id., 291; *Woodbridge vs. Morse*, 5 N. H., 519; *Muscott vs. Woolworth*, 13 How. Pr. R., 336; *Dolby vs. Mullins*, 3 Humph., 437. 4. The question of the right of a creditor to attach moneys in the hands of a sheriff is one of great gravity and importance. The conflict of authorities upon this question, coupled with the claim of the appellant that the assignment of the judgment was fraudulent as to creditors, created at least a *doubt* as to the right of the assignee to the money. When the right of the party claiming money in the hands of an officer of court is in doubt, the court will turn him over to his action. *Camp vs. McCormick*, 1 Denio, 641; *Evans vs. Parker*, 20 Wend., 622; *Wilson vs. Wright*, 9 How. Pr. R., 459. See also opinions of Chief Justice DIXON and Justice PAINE, 11 Wis., 457.

*L. Hubbell* and *E. Mariner*, for respondents. [No argument on file].

November 2.    *By the Court*, COLE, J. The appellant, who was sheriff of Milwaukee county, collected upon an execution placed in his hands, which was issued upon a judgment in favor of the respondents and against the *La Crosse & Milwaukee Railroad Company*, about the sum of $13,400, the amount due thereon. He paid over to the assignee of the judgment the amount which he had collected, less the sum of $4,519 74, which, it appears from his return and the writ of attachment thereto annexed, has been seized and attached in his hands by the coroner on a writ of attachment issued out of the circuit court of Milwaukee county, in favor of the sheriff and against the plaintiffs in the execution. Steps were taken to compel the sheriff to return the execution, and finally the circuit court ordered that the sheriff pay into court within five days, the balance of the money collected upon the exe-

June Term,
1861.

HILL et al.
v.
LA CROSSE &
MIL. R. R. Co.

cution, and in default of his so doing, that he be attached as for a contempt of the order of the court. From this latter order the sheriff has appealed. A majority of the court think this order must be affirmed.

We place our decision upon the broad ground that moneys in the hands of a sheriff, collected by him upon an execution, cannot be seized on attachment or garnisheed by a third party, a creditor of the plaintiff in execution. For a stronger reason they cannot be seized or garnisheed in his hands in an attachment proceeding in favor of the sheriff himself.

We are well aware that there is some conflict of decisions upon this question among the courts of our sister states, arising upon statutes not essentially different, and substantially like our own. But we think the weight of authority and force of argument are in support of the rule which we adopt. See the following authorities: 1 Comyn's Digest, "Attachment," D; *Turner vs. Fendall*, 1 Cranch, 42; *Staples vs. Staples*, 4 Maine, 532; *Sharp vs. Clark*, 2 Mass., 91; *Wilder vs. Bailey et al.*, 3 id., 289; *Pollard vs. Ross*, 5 id., 319; *Thompson vs. Brown*, 17 Pick., 462; *Dubois vs. Dubois*, 6 Cow., 494; *Farmers' Bank of Delaware vs. Beaston*, 7 Gill & Johns., 421; *Jones vs. Jones*, 1 Bland's Ch. R., 443; *Alston & Co. vs. Clay*, 2 Haywood, 360; *Blair vs. Cantey*, 2 Spears, 34; *Burrell vs. Letson*, id., 378; *Same Case*, 1 Strobhart, 239; *First vs. Miller*, 4 Bibb, 311; *Dawson vs. Holcomb*, 1 Hammond, 135; *Drane vs. McGavock*, 7 Humph., 132; *Marvin vs. Hawley*, 9 Mo., 378; *Reddick vs. Smith*, 3 Scam., 451; *Clymer vs. Willis*, 3 Cal., 363. Contra, *Hurlburt vs. Hicks*, 17 Vt., 193; *Stebbins vs. Peeler*, 29 id., 289; *Woodbridge vs. Morse*, 5 N. H., 519; *Crane vs. Freese*, 1 Harrison, 305.

It is true that courts which have denied that moneys held by a sheriff in his official capacity could be reached by levy or attachment proceedings, have not always assigned the same reasons, or stated the same grounds for their decisions. Some have said that money thus in the hands of the sheriff was in the custody of the law, and therefore could not be attached; others that it was not the property of the execution creditor until paid over; others that the statutes do not

refer to officers holding money in an official capacity, but to persons who, by their voluntary agency, have taken possession of the goods and effects of the debtor, or have become indebted to him on contract; while others place their decisions on grounds of public policy, to save officers from litigation and expense in answering to the many garnishee suits which might be commenced against them.

Without dwelling upon these reasons, or attempting to fortify them by argument, we will say that there is one consideration for exempting money in the hands of a sheriff from levy or attachment, which to our minds is very cogent, and which is well presented by the court in the case of *Marvin vs. Hawley, supra*. The court there say: "If the practice of garnisheeing the sheriff for money in his hands received on execution, were tolerated, it would not only greatly interrupt the due and speedy administration of the law, and prevent the courts from consummating their judgments, but it would involve the ministerial officers of the courts in interminable difficulties and delay in the discharge of their duties."

It appears to us that there is much force in these observations. The ordinary duties of sheriffs are frequently arduous and responsible. They would be much more so if they were liable to be drawn off to every part of the county to answer as garnishees in the numerous cases which might be commenced before justices of the peace. It might be said that they would recover costs, but this would be a very inadequate compensation for the expenses incurred, while at times the practice would inevitably hinder and delay the sheriff in the discharge of those duties connected with the administration of the civil and criminal law of the state. We therefore think the sheriff, having the official possession of moneys collected upon execution, should be exempt from having the same attached or garnisheed.

The order of the circuit court is affirmed.

DIXON, C. J., dissented.