## COUNTY OF PROVIDENCE, MARCH TERM, 1868, AT PROVIDENCE.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

AMERICAN BANK *v.* THOMAS SNOW.

Decision of U. S. Circuit Court in *Franklin* v. *Ward and Goodale et al.*, 3 Mason 136, affirmed, that a judgment debtor is not liable to be attached as a garnishee under the foreign attachment act of Rhode Island.

A person who has been served as garnishee is not chargeable, as such, in respect of a judgment recovered against him in one of the courts of this State; still less ought he to be chargeable in respect of a judgment recovered against him in the United States Circuit Court, in another jurisdiction

Nor is the garnishee so chargeable, because he has no property in the jurisdiction where the judgment was recovered which can be taken in execution, and the judgment elsewhere can only be enforced by suit, for this may not always continue so, and it is not certain that he can set up the attachment in defence of such a suit, if sued in the United States Circuit Court for one dis-

trict, upon the judgment of the U. S. Circuit Court for another district. Under the rule established by the Supreme Court of the United States in *Wallace* v. *McConnell*, 13 Peters, 136, a judgment of the U. S. Circuit for one district, (e. g. Maine,) would be enforced in the U. S. Court for another district, (e. g. Rhode Island,) as being of higher validity than any subsequent proceeding against the defendant in the Supreme Court of Rhode Island in foreign attachment.

ASSUMPSIT to recover the amount of certain promissory notes made by the defendant, payable to the order of E. F. Rollins, and by him indorsed to the plaintiff.

The writ was served November 23d, 1866, *solely* by garnishee process, upon the Gaspee Fire and Marine Insurance Company, a corporation, created by the General Assembly of this State, and located at the city of Providence, for the purpose of attaching the property of the defendant in the hands of such corporation.

The case was heard upon a motion to discharge the garnishee, the Gaspee Fire and Marine Insurance Company, upon the ground that it was not chargeable as garnishee upon the following facts, disclosed by its secretary's affidavits, the truth of which was not disputed by the plaintiff.

The garnishee issued two marine insurance policies in favor of the defendant; one for $2,500, dated July 23d, 1859, and the other for $1,500, dated September 1st, 1859, and upon which two policies judgment has been obtained against the garnishee, in the Circuit Court of the United States, at Portland, in the State of Maine. This judgment, with the exception of a payment on account of it, made by the garnishee to the defendant's attorney, November 16th, 1866, and a claim upon two promissory notes held by the garnishee against the above-mentioned policies, is still in full force, unreversed and unsatisfied; and the garnishee has no property in the State of Maine, except a sum of $374$\frac{16}{100}$, collected by this plaintiff, whose effects and property have passed into the hands of Receivers.

It was also contended, and the question fully argued, that the garnishee must be discharged, because the defendant Snow had assigned the above-mentioned policies of insurance. This point, as will be seen, the court did not find it necessary to consider, and consequently the arguments thereon are omitted here.

*Markland, for the garnishee, in support of the motion:*—

The debt originally due from the garnishee to the defendant, became merged in a judgment obtained against the garnishee in the Circuit Court at Portland, in the State of Maine, before the commencement of this suit; and it is well-settled law in New England, that a judgment debt is not the subject of foreign attachment. *Franklin* v. *Ward et al.*, 3 Mason, 136; *Sharp et al.* v. *Clark et al.* 2 Mass. 91; *Howell* v. *Freeman.* 3 Mass. 121; *Kidd* v. *Shepherd*, 4 Mass. 238. The same law prevails in New Jersey and Arkansas; and although, in some other States, as Pennsylvania, Delaware, Mississippi and Indiana, it is held that a judgment debt is the subject of foreign attachment, yet, in those States when, as is the case here, a judgment is obtained in one court, and the attachment is in another, the trustee will be discharged, to avoid the inconsistency of the one court nullifying the proceedings of the other; Drake on Attach. §§ 640–643. But apart from this, it is very clear, that the doctrine laid down in *Franklin* v. *Ward et al.* was understood to be law in this State, for that case arose within this district; and this court, in which the judgment was rendered, stayed execution, to abide the decision of this question in the Circuit Court.

*Lester, for the plaintiff, contra:*—

I. In absence of any Rhode Island decision, it may be safely claimed, that the weight of authority is in favor of attaching judgment debts, under trustee process. See Drake on Attachments, §§ 623, 624, 625; *Jones* v. *New York & Erie Railroad Co.* 1 Grant, (Penn.) 457, there cited.

II. The affidavit discloses the fact, that within the jurisdiction of the Court which rendered judgment against the garnishee, there is no property of the garnishee to satisfy the judgment. No process can be issued against the garnishee to compel payment of the debt, without giving an opportunity to plead this attachment. The reason of the rule applied by Judge Story and the Massachusetts courts therefore fails; and as the policy of our law is manifestly in favor of reaching all debts and property that can be attached without endangering the rights of other parties, the rule ought not to be extended, as asked by

the defendant. The judgment of the defendant against the Insurance Company can only be enforced by suit; and to such suit a plea setting forth the attachment in this case would be a complete bar. *Kidd* v. *Shepherd*, 4 Mass. 239. The rule, as here laid down by Chief Justice Parsons, sustains the present Attachment, and does not conflict with Judge Story's decision in *Franklin* v. *Ward*, 3 Mason, 136.

*Markland, for the garnishee, in reply :—*

1. The question upon this motion is not whether, at the time of filing the affidavit, there was within the jurisdiction of the court where the judgment was recovered, sufficient property belonging to the garnishee to satisfy the judgment, but *whether the funds have been attached under such circumstances as will enable the trustee to plead the attachment in bar of the action of the principal, so that he may defend himself at law.* *Kidd* v. *Shepherd*, 4 Mass. 238, and other cases cited on the opening brief.

2. The case of *Kidd* v. *Shepherd* does not, as is supposed, support the view that, if an action is brought here upon the judgment, the garnishee may plead the present attachment in defence. It is obvious that a payment of these funds upon this attachment would be a payment of the original debt, and not a payment or satisfaction of the judgment in which such debt has become merged.

3. But if it could be held, that in case an action is brought on the judgment in the courts of this State, this attachment might be pleaded in bar of such action, it is enough for the purposes of the present question, that such action has not been brought, and *non constat* that it ever will be; and although it may be true that the garnishee had no property in Maine when the affidavit was filed, yet he may have sufficient property there to satisfy the judgment when the parties controlling it desires to enforce it. If the judgment should be enforced in Maine, the garnishee could not set up the payment of this attachment here ; and, therefore, this attachment should be held to be void here as it would be there.

4. The holding of this attachment to be good will only serve to create a conflict of jurisdiction between this court and

the court where the judgment was recovered.   Drake on At-
tachments, § 643 ; *Burrill* v. *Letson*, 2 Spear, 372 ; *Wallace* v.
*McConnell*, 13 Pet. 136.

DURFEE, J.   In this case a motion has been made for the
discharge of the garnishee, and one ground of the motion is,
that the only personal estate, if any, of the defendant which
was in the hands of the garnishee, at the time of the service of
the writ, was a debt on which the defendant had recovered
judgment against the garnishee in the U. S. Circuit Court for
the District of Maine, and on which execution had issued, and
been partly satisfied.

In the case of *Franklin* v. *Ward & Goodale et al.*, 3 Mason,
136, decided in the U. S. Circuit Court in Rhode Island, at its
November Term, 1822, it was held, (the opinion being deliv-
ered by Mr. Justice Story) that a judgment debtor is not liable
to be attached as a garnishee under the foreign attachment act
of Rhode Island.   The act upon which this decision was made,
was that contained in the Digest of 1798, which, so far as we
can discover, does not differ favorably for the plaintiff in any
particular affecting the question before us, from the Statute
which is now in force.

Mr. Justice Story, in his opinion, follows the precedent of
certain cases cited from Massachusetts, remarking :   " My judg-
ment proceeds, not upon these cases alone, but upon the princi-
ple which they contain, which seemed to me founded in law and
general justice."

The ground of the Massachusetts decisions, is, that after the
debt has been reduced to judgment, the garnishee is exposed to
execution without opportunity to avail himself of the statutory
provision in his favor, which appears to have been much more
explicit in Massachusetts than in Rhode Island, by way of de-
fence.   And in *Sharp* v. *Clark*, 2 Mass., 91, 96, in reply to a
suggestion that the trustee might resort for relief to an *audita
querela* against his principal, Chief Justice Parsons, in language
not very inapplicable to a bill in equity, remarks :   " This rem-
edy, always expensive, would be often fruitless ; and to give this
construction to the statute would expose it to a reproach it does
not merit."

The rule laid down in the Massachusetts decisions, and adopted in *Franklin* v. *Ward & Goodale et al.* has been followed in Arkansas and New Jersey, but in several other states it has not been approved. See Drake on Attachments, 3d Ed. § 622 *et seq.*

We are not advised that the construction given to our statute by Justice Story, more than forty years ago, has ever been reversed by the Supreme Court of the State. Since it was given the statutes of the State have been twice revised, and it is fair to presume that if the construction had been disapproved, either as regards the meaning or the purpose and policy of the statute, there would have appeared, in the statutes as revised, some modification, which we do not find, to denote such disapprobation. We therefore think, that we ought to stand by that construction, so long as the statute continues unchanged in any particular affecting it.

If a person who has been served as garnishee, is not chargeable, as such, in respect of a judgment recovered against him in one of the courts of this State, because he may not be able to protect himself against the execution thereon, still less, ordinarily, ought he to be chargeable in respect of a judgment recovered against him in the United States Circuit Court in another jurisdiction. Drake on Attachments, (3d Ed.) § 625. In this case, however, it is contended that in the jurisdiction where the judgment is recovered, the garnishee has no property which can be taken on execution, and that elsewhere the judgment can only be enforced by suit, to which the garnishee can set up this proceeding in defence, and that therefore the case is not within the reason of the rule adopted by Justice Story. But if it be true that the garnishee has now no property in Maine which is liable to seizure on execution, it does not follow that it will continue so; nor do we think it at all certain, that the garnishee, if charged in this suit, can protect himself by reason thereof, if sued in the United States Circuit Court in this State upon the judgment recovered against him in the U. S. Circuit Court in Maine, the same having been recovered previous to the commencement of this suit. It was held by the Supreme Court of

the United States in *Wallace* v. *McConnell*, 13 Peters, 136, that the defendant of a suit in a United States Court, who, pending the same, was served as garnishee in a county court in the State, was not entitled to plead the garnishment in defence or arrest of the former suit, the jurisdiction as between the two courts being determined by priority of suit.   We think, under this rule, a judgment of the U. S. Circuit Court of Maine would be enforced in the U. S. Circuit Court in Rhode Island, as being of higher validity than any subsequent proceeding against the defendant in this court in foreign attachment. See also *American Bank* v. *Rollins*, 99 Mass. 313 ; *Burrill* v. *Letson*, 2 Spear, 372.

For this reason we think the garnishee is not chargeable in this suit, and we do not think it necessary to determine the other question made in his behalf.

*Garnishee discharged.*