CHARLES E. GORMAN *vs.* JAMES W. STILLMAN *et al.*

PROVIDENCE—JUNE 23, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Creditors' Bill. Equitable Attachment. Discovery.*

A bill in equity alleged that J., a non-resident who could not be served with legal process and who had no property in the State liable to attachment at law, was indebted to complainant; that respondent G., as executor of the will of U., had in his hands a large sum of money belonging to J. as a legatee under said will; and that J. had promised complainant to pay him out of said money. The bill prayed that G. be enjoined from paying over any of the estate belonging to J. as legatee until further order of the court; that an equitable attachment issue in favor of

complainant on said estate to the extent of the sum due from J. to the
complainant; that G. discover under oath the full amount of the estate
of U. coming into his hands, and the amount thereof belonging to J.
On demurrer:—

*Held*, that, as the bill alleged that G. as executor had a large sum of money
belonging to J., and the latter had promised complainant to pay him the
amount due him therefrom, it was immaterial whether the executor had
rendered an account of his administration or not, the case falling within
the rule laid down in *Ginn* v. *Brown*, 14 R. I. p. 527, as to the necessary
averments of a bill of this sort; and as it showed that J. had a clear and
valuable interest in the assets of the estate, it could be reached by the
suit.

(2)  *Legacies.   Right to Reach Legacy by Creditor.*

*Held*, further, that, while the rights of a legatee are controlled by Gen.
Laws cap. 218, §§ 15, 29, the rights of his creditors are controlled by those
principles of equity which seek to compel the appropriation of property
to the payment of just debts.

*Held*, further, that the effect of the bill was not to take away from the
Probate Court the administration of the estate, but simply to require the
executor to hold the fund which, after an accounting by him, should be'
found payable to J.

(3)  *Discovery.   Equity Pleading.   Demurrer.*

*Held*, further, that, as the complainant was not entitled to the discovery
and accounting prayed for, the bill was not rendered demurrable by the
incorporation of such a prayer therein.

(4)  *Attachment.   Money in hands of Executor.*

*Held*, further, that, as money in the hands of an executor was not liable
to attachment, no writ would issue.

BILL IN EQUITY seeking relief set forth in opinion.   Heard
on demurrer, and demurrer overruled.

TILLINGHAST, J.   The ultimate object of this bill evidently
is to recover compensation for services rendered by the com-
plainant to the respondent James W. Stillman.

(1)      The bill alleges that said James W. Stillman is indebted to
the complainant in the sum of $890 ; that he is a non-resi-
dent of the State who cannot be served with legal process,
and that he has no property in this State liable to attachment
at law ; that the respondent George G. Stillman, as executor
of the last will and testament of Harriet M. Utter, late of
Westerly, R. I., deceased, has in his hands a large sum of
money, to wit, $6,000, which belongs to said James W. Still-

man as a legatee under said will, and that he promised the complainant that the amount due him for said services should be paid out of said money. It also alleges that the complainant has no adequate remedy at law in this State.

The prayer of the bill is that said George G. Stillman, executor, be enjoined from paying over or transferring any of the estate and money in his hands belonging to said James W. Stillman, as legatee, until the further order of this court; that an equitable attachment may be issued in favor of the complainant on said estate and money in the hands of the executor to the extent of the sum due from said James W. Stillman to the complainant; and that said George G. Stillman, executor, discover under oath the full amount of the estate of said Harriet M. Utter coming into his hands and possession as executor, and of the sum now in his hands and the amount thereof belonging to said James W. Stillman.

To this bill the respondent George G. Stillman, executor, has demurred on the grounds (1) that it does not appear thereby that he has ever rendered an account of his administration of decedent's estate as required by law (or failed to so do), and that by said account it appeared that there were assets in his hands belonging to the respondent James W. Stillman; and (2) that it does not appear by said bill that, after proper deductions for debts, funeral expenses, expenses of administration and payment of specific legacies, there will be any assets applicable to the legacy of James W. Stillman out of the decedent's estate.

We do not think the grounds of the demurrer are well taken. As the bill alleges that said George G. Stillman, as executor, has in his hands a large sum of money which belongs to the respondent James W. Stillman, the alleged debtor, and that the latter has promised to pay the complainant the amount due to him therefrom, which allegations must be taken as true on demurrer, we do not see that it is material, in so far as the right to maintain the bill is concerned, whether the executor has rendered an account of his administration or not. For, giving to said allegation regarding the amount of money in the hands of the executor its natural force and significance,

as we understand it, it means that after the payment of all debts, funeral expenses, and the costs and expenses of settling the estate, there will still remain a large sum of money in the executor's hands belonging to the respondent debtor. In other words, said allegation, as we read it, is equivalent to an averment that the value of the alleged debtor's interest in the estate of the deceased, after all debts and other liabilities are paid, including the payment of any specific legacies which may be made a charge thereon, will be considerable; that is, that there will then remain in the executor's hands a large sum of money belonging to the respondent James W. Stillman. And as it thus affirmatively appears that he has an interest in the assets now in the hands of the executor, the case seems to fall within the ruling of this court in *Ginn* v. *Brown,* 14 R. I. at page 527, as to the necessary averments of a bill of this sort. In that case the bill simply alleged that the respondent was the sole heir at law and next of kin of the deceased, and entitled to the whole of the estate of the deceased after the payment of his just debts, funeral expenses, and the costs of settling his estate. And the court held that the bill was demurrable in that it failed to aver the value of the estate over and above the amount of said debts, etc., as it did not appear that the respondent had any interest in the assets in the hands of the administrator to be reached by the suit.

Here, however, we think it does appear from the bill, as already intimated, that the respondent has a clear and valuable interest in the assets of the estate, and hence that it can be reached by the suit.

(2). It is true as, argued by counsel for the executor, that under the provisions of sections 15 and 29 of chapter 218, General Laws R. I., no legatee can bring suit against the executor until the latter has accounted under the provisions of sections 30 and 31 of that chapter, or failed to comply with the terms thereof. But it does not follow therefrom that a creditor of the legatee may not be allowed to bring a suit before such accounting is had, as he stands on a different footing from the legatee. The rights of the legatee in the premises are wholly controlled by the statute; but the rights of his credit-

ors, in a proceeding like the one before us, are controlled by those broad principles of equity which seek to compel the appropriation of one's property to the payment of his just debts, regardless of strict legal rules. And, as said by this court in *Bank* v. *Paine*, 13 R. I. 592—a somewhat analogous case—"The jurisdiction"—that is, the equitable jurisdiction—"ought to be, if it can be, upheld; since without it a debtor may have valuable property and yet escape the payment of his debts."

But counsel argues that if this bill should be sustained the administration of the estate would necessarily be taken away from the Probate Court and brought into this court, and hence the rule laid down in *Blake* v. *Butler*, 10 R. I. 133, that "the court which first takes jurisdiction of the subject must exclusively adjudicate, and neither party can be compelled into another court for anything that may be adjudicated by the first," would be violated.

Counsel is in error in the position thus taken by him. The effect of this bill is not to take away from the Probate Court the administration of the estate in question, or in any proper sense to interfere with the administration thereof in said Probate Court. Its object is simply to reach the fund now in the hands of the executor of said estate belonging to the alleged debtor, and appropriate the same or so much thereof as shall be necessary to the payment of his indebtedness to the complainant. And that this may be done without calling for any accounting in this court, and without embarrassing the settlement of the executor's account in the Probate Court, is very apparent. All that will be required of the executor will be to hold the money, which, after an accounting by him, shall be found due and payable to the respondent legatee, subject to the order of this court in this suit. If an accounting has not already been had by the executor, so as to enable him to make answer to the bill as to the amount thus due and payable to the respondent, the time for filing his answer can be extended.

(3)     It is true the bill prays, amongst other things, for a discovery under oath from the executor of the full amount of

the estate of said Harriet M. Utter coming into his hands and possession as executor, and of the sum now in his hands belonging to said James W. Stillman. It is also true that if this prayer were to be granted an accounting would be called for in this court. But as it is clear that the complainant is not entitled to the discovery and accounting thus prayed for, the bill is not rendered demurrable by reason of the incorporation of such a prayer therein. That he is not entitled to the discovery prayed for, see *Gorman* v. *Banigan*, 22 R. I. 22.

(4)   The bill also prays that a writ of attachment may issue against the money, etc., belonging to said James W. Stillman, in the hands of said executor. That this prayer also cannot be granted is clear, because money in the hands of an executor or administrator is not liable to attachment in this State. *Conway* v. *Armington*, 11 R. I. 116. But notwithstanding these defects in the bill, and notwithstanding the fact that another defect exists therein, namely, that no ultimate relief is asked, but simply that the respondent executor be enjoined from paying over or transferring said money and estate in his possession until the further order of this court, yet, as these are formal defects only, and as the bill in substance states a case which is within the equitable jurisdiction of this court, we think the demurrer should be overruled.

*Charles E. Gorman*, for complainant.
*Lorin M. Cook* and *Arthur P. Sumner*, for respondents.