# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

SPRING TERM....1842.

---

'Helm, &c. *vs* Hardin.

ERROR TO THE HARDIN CIRCUIT.

*Parties in chancery. Trustee and cestui que trust. Exhibits.*

CHANCERY.

Case 71.

JUDGE MARSHALL delivered the Opinion of the Court.

THIS bill was filed by Hardin as the assignee of part of a judgment in favor of Ezekiel Fields against Henry P. Helm, to attach and appropriate to the satisfaction of his portion of the judgment, of which the rest had been paid, a fund in the hands of Helm and Brown, alleged to belong to the debtor, Henry P. Helm. An execution issued on the judgment in 1825, was in that year returned by the proper officer, "no property found," and this is the ground on which the complainant comes into equity. But an execution having issued in the next year, which the sheriff, by endorsement thereon, states to have been levied on a "horse, saddle, blanket and bridle, worth $170," which is but little more than one half of Hardin's interest in the judgment, and is not a fourth part of the amount then unsatisfied; and there being no statement by the sheriff, showing explicitly what disposition had been made of this property, or that there was no more, and this bill not having been filed until after the return of this last execution, it is contended that in this State of

April 6.

The case stated.

HELM, &c.
vs
HARDIN.

An execution having issued on a judgment, and being returned "no property found" by the proper officer, and a second issued and levied on property of greatly less value than the amount of the execution, the return on the second does not impair the right to file a bill in equity based on the first return, to subject choses in action, &c. to the satisfaction of the judgment.

things, the first return was so far disproved by the second, or the inference of insolvency, which would be authorized by the first, so far contradicted by the last, that the first should no longer be regarded as a proper ground for the interposition of the Chancellor.

But we are of opinion that the fact, that after the return of "no property found," a subsequent execution was levied on property of value greatly below the amount of the judgment, does not authorize the inference that there was then any more property accessible to the execution, but the contrary; and that the joint effect of the two returns is, that while the last execution was in hand, there was no property but that which was levied on, and which was wholly insufficient to satisfy the judgment; so that the returns still furnished sufficient evidence of the necessity of resorting to the aid of the Chancellor for coercing a portion of the judgment, and sufficient ground under the statute, for so doing; and in this view, the uncertainty as to the disposition made of the property levied on, or of its actual or available value, could not affect the question of jurisdiction, but only the extent of the relief to be granted.

There is, however, a further statement endorsed on the last execution by the sheriff, a few days after the date of the levy, showing that the portion of the judgment belonging to Fields, the plaintiff, was then satisfied, and referring to his receipt, also endorsed on the execution. The fair presumption from these endorsements is, that the property levied on was appropriated to the satisfaction of Fields' interest, which greatly exceeded the value of the property—that none of it was left for the satisfaction of Hardin's interest in the judgment, and that, consequently, his claim to the aid of the Chancellor to the extent of his interest, was wholly unaffected by the levy; and although this presumption might be strengthened or disproved by an amendment of the sheriff's return, or otherwise, it is sufficient, as the case stands, to support the decree so far as regards the extent of the relief granted.

All persons interested, (trus-

But there is another objection on which we think the decree must be reversed. H. P. Helm, the judgment

debtor, alledges in his answer, that before this suit was commenced, he had assigned the fund in the hands of Helm and Brown to J. G. Allison, of Virginia, as trustee of his (Helm's) wife, by way of compromising a suit for alimony, then pending in her favor against him; and he exhibits an assignment bearing date before the bill was filed, which appears to have been read on the trial, without objection, and which, if true in point of date, created an interest in the trustee and *cestui que trust*, which, if the transaction was *bona fide* and founded upon a valuable and sufficient consideration, would be effectual against the claim which Hardin sets up against the fund. But these points can only be properly litigated between Hardin and the trustee and *cestui que trust*, or one of them. If it could be conclusively assumed that the assignment, though bearing date before the commencement of this suit, was not in fact made until afterwards, then, as it could not have created any interest which would be effectual against the complainant, it might not have been necessary to make the assignees parties to the litigation; but as we do not feel authorized to make this assumption without proof, and against the face of a paper read without objection, we are of opinion that the cause was not in a proper state of preparation for final decree, for the want of proper parties, and that the complainant should have made Allison, the trustee, and Mrs. Helm, the *cestui que trust*, defendants, as appearing to have an interest which will certainly be affected by the decree as rendered, and which may or may not be effectual against the complainants claim.

The objection made to the evidence read, to prove the assignment to Hardin, if it would have been otherwise available, is, as we think, sufficiently obviated by the admissions of the answers.

But for the want of proper parties, as above pointed out, the decree is reversed, and the cause remanded for further proceedings.

*Monroe* for plaintiffs; *Hardin* for defendant.

*Marginal notes:*

HELM, &c.
*vs*
HARDIN.

tee and *cestui que trust*,) in a fund held in trust, and which is sought to be subjected to the satisfaction of a judgment at law by bill in equity, should be made parties to the proceedings.

Exhibits read in evidence without objection in the court below, will be considered here as part of the record.

Objections to exhibits, although properly made, will be unavailing if the facts they prove are admitted by the party objecting in his answer.