## LANGDON v. LOCKETT.

1. The register of a court of chancery is subject to garnishee process, with respect to a surplus remaining in his hands belonging to the defendant in chancery, after sale of property to satisfy a mortgage decree, although the sale has not been confirmed, and although he is described by the decree to report his doings at the next term of the chancery court.

WRIT of error to the Circuit Court of Perry.

Garnishee process against Lockett, as the debtor of the Madison College, against which the Langdons had obtained a judgment.

The garnishee answered, that at a term of the chanchery court for the 20th district, held on the 3d Monday of June. 1843, he, as register and master of the said court, was ordered to sell the lands of Madison College, for the purpose of paying one Brumby, administrator of Wallace, the amount decreed by that court on a mortgage; and to report to the then next term, to be held on the 3d Monday of June, 1844. The amount remaining in his hands after paying Brumby the amount of the decree and costs, was $143 70. A bill was filed on the 27th November, 1843, in the office of the register of that court, praying an appropriation of the money so remaining in the garnishee's hands, to another and different person. On this answer, the court rendered a judgment, discharging the garnishee, and this is now assigned as error.

GRAHAM, for the plaintiffs in error—insisted that the garnishee was not within the decisions, that an officer of court cannot be garnisheed, inasmuch as he held the overplus as money of the defendant in execution; and might at any time be sued for it by the corporation. [2 Ala. Rep. 253; 3 ib. 312; 4 Porter, 167; Clay's Digest, 304; 1 McMullen, 92; 5 Mass. 271; 2 L. & P. 15; 13 Perters, 151.]

DAVIS, contra—argued that the reason of all the decisions is, that an officer of court is not permitted to be drawn into another forum, to contest any matter respecting money collected by him; and that reason applies equally to the matter of a residium. Until the action of the chancery court, it is impossible to say whether the money, in the hands of this garnishee, belongs to the defendant in execution, or to the purchaser, inasmuch as the sale may be set aside.

GOLDTHWAITE, J.—We have several times had before us, the question here, for individuals connected as officers with courts of justice, are liable to process of garnishment from other courts. Thus we have held that a sheriff cannot be garnisheed for monies collected, at the suit of a creditor of the plaintiff in

Langdon v. Lockett.

execution. [Zurcher v. Magee, 2 Ala. Rep. 253.] Also, that an attorney or justice of the peace, having collected money in their respective characters, may be garnisheed. [Mann v. Buford, 3 ib. 312; Clark v. Boggs at this term ] It is argued by the counsel for the defendant in error, that an officer of one court cannot be called before another to contest any matter respecting money collected under legal authority. This is unquestionable, when from the nature of the case, or from the circumstances attending it, the *money* can be drawn into litigation in the court from whence the process issued; but it does not apply to those cases where there can be no litigation of that nature. The investigation which may be had into the correctness of a sale, is not in any sense a contest with respect to the money or the right to it. Every court possesses the inherent power to prevent abuse of its own process, by sett ng aside fraudulent or even oppressive sales. [Moore v. Mobile Cotton Press, 9 Porter, 679.] But this does not divest the right of the defendant in execution to the excess of money arising from the sale of his property, after satisfying the process. The question may be undetermined, whether the sale is valid or invalid, yet the money is *prima facie* due to the defendant in execution, in the same manner as it is upon an express promise to pay; and this *prima facie* right is subject, in our opinion, to the process of garnishment. This is the effect of the decision in Day v. Becher, [1 McMullen, 92,] and also in Watson v. Todd, [5 Mass, 271;] in which latter the marshall of the United States was held liable to trustee process, for a balance remaining in hands after satisfying the process held by him against the goods of the common debtor.

There is a strong reason why the process should be effectual in a case like this, because the debtor may, at any time after the sale, demand and secure the money from the officer; and if it could not be attached, suitors would be entirely remediless.— On the other hand, no injury can arise to the officer, for it is in his power at all times, to pray the court before which the process of garnishment is returnable, to suspend its action until any question respecting the regularity of the sale, is determined. In the present case, no objection of this nature is interposed, and we must intend that no just cause for exception existed.

Our conclusion is, that the judgment is erroneous, and therefore, it is reversed and remanded.