The J. I. Case Threshing Machine Co. vs. Miracle, Ex'r, Garnishee.

THE J. I. CASE THRESHING MACHINE COMPANY vs. MIRACLE, Executor, Garnishee.

*January 18 — February 7, 1882.*

*Liability of administrator to garnishment.*

An executor or administrator is not subject to garnishment before a final order for the distribution of the estate is made; and where he is summoned as garnishee before the making of such order, judgment cannot be taken against him therein *after* the order is made. Whether he is subject to garnishment after such final order, is not here determined.

APPEAL from the Circuit Court for *Winnebago* County.

Garnishment, in aid of an execution issued on a judgment recovered by the plaintiff company against Charles Miracle. The defendant, the executor of the estate of Joseph Miracle, was summoned, soon after he had qualified as such executor, and before the expiration of the time fixed by the proper county court for presentation of claims against the estate of

the testator.  The testator by his will bequeathed $400 to
Charles Miracle, the execution debtor.  When the executor
was summoned as garnishee, he had several thousands of dol-
lars in his hands belonging to the estate, the same being the
proceeds of a sale of real estate.  The garnishee answered the
above facts, and the plaintiff made an issue on his answer.
Before the issue was tried, the estate of the testator was settled,
and the county court made a final order of distribution, in
which the executor was directed to pay the amount of the
above legacy to the execution debtor.  On the trial of the
issue, the circuit court held that the executor was not liable to
garnishment, and gave judgment for the garnishee.  The plaint-
iff appealed from the judgment.

For the appellant there was a brief by *Crozier & Tyrrell*,
and oral argument by *Mr. Tyrrell:*

Sec. 2752, R. S., provides that " any creditor shall be en-
titled to proceed by garnishment in the circuit court of the
proper county against *any* person (except a municipal cor-
poration) who shall be indebted to, or have any property
whatever, real or personal, in his possession or under his
control, belonging to, such creditor's debtor."  Under sec. 4972,
the words " personal property " include money, goods, chattels,
things in action and evidences of debt.  Sec. 2768 provides
that, "from the time of the service of the summons upon
the garnishee, he shall stand liable to the plaintiff to the
amount of the moneys, credits and effects in his possession
or under his control belonging to the defendant, or in which
he shall be *interested*, to the extent of his *right* or *inter-
est* therein, and of all debts due or to become due to the
defendant, except such as may be by law exempt from execu-
tion."  A legacy is a vested interest, and constitutes effects of
the legatee in the lands of the executor.  *Stratton v. Ham*, 8
Ind., 84, and cases there cited; *Hayward v. Hayward*, 20
Pick., 517–519;  *Holbrook v. Waters*, 19 id., 354;  *Wheeler v.
Bowen*, 20 id., 563, and cases there cited; *Hoar v. Marshall*,

2 Gray, 253. The late authorities hold that a distributive share of an estate in the hands of an executor or administrator, belonging to an heir-at-law, is subject to garnishment before decree of distribution, and the suit may be continued until sufficient opportunity has been given for the settlement of accounts and a decree of distribution. *Stratton v. Ham*, 8 Ind., 84; *Wheeler v. Bowen*, 20 Pick., 563; *Holbrook v. Waters*, 19 id., 354; *Cady v. Comey*, 10 Met., 459. The R. S. of Mass. provide that any debt or legacy due from an administrator or executor may be attached by trustee process, but do not provide that it may be attached before an order of distribution. Our statute of garnishment is much broader than those of other states, subjecting to garnishment all persons except municipal corporations, and every kind of property known to the law, including money and debts due or to become due, with certain specified exceptions, viz., 1. Money owing by reason of any negotiable bill, draft, note or other security. 2. Money collected by force of execution or other legal process. 3. Money held by a public officer as such. The statute nowhere excepts executors and administrators from this process; and the court will not interpolate an exception. *Tarbox v. Adams Co.*, 34 Wis., 560. In this case it is found as a fact that the final order of distribution, requiring the garnishee to pay the principal debtor a legacy of $400, was made long before the trial of this action. This court has held that it is enough that the money or debt is actually due and payable when the trial is had and the judgment rendered. *Prentiss v. Danaher*, 20 Wis., 311–319. The doctrine that an executor is a public officer was long since exploded. [To the latter proposition counsel cited numerous authorities.]

*Geo. W. Burnell*, for the respondent, to the point that an executor is not liable to be garnished for a legacy until after an order of final settlement and decree of distribution has been made by the probate court, cited Drake on Attach. (ed. of 1858), secs. 496–502; *Winchell v. Allen*, 1 Conn., 385; *Stanton v.*

*Holmes,* 4 Day, 87; *Barnes v. Treat,* 7 Mass., 271; *Brooks v. Cook,* 8 id., 246; *Stills v. Harmon,* 7 Cush., 406; *Parks v. Cushman,* 9 Vt., 320; *Adams v. Barrett,* 2 N. H., 374; *Waite v. Osborne,* 11 Me., 185; *Lyons v. Huston,* 2 Harr. (Del.), 349; *Shewell v. Keen,* 2 Whart., 332; *Thorn v. Woodruff,* 5 Ark., 55; *Curling v. Hyde,* 10 Mo., 374; *Richards v. Griggs,* 16 id., 416. When the liability is *contingent,* the garnishee is never held. Drake on Attach., secs. 545, 551; *Bishop v. Young,* 17 Wis., 46; *Keyes v. Railway Co.,* 25 id., 691; *St. Louis v. Regenfuss,* 28 id., 144. The liability of the garnishee is fixed at the time garnishment is served upon him, not by anything that happens after. *Bishop v. Young, supra; Wood v. Wall,* 24 Wis., 647. To put the law on this point beyond cavil, subd. 4, sec. 2769, R. S., declares that "no judgment shall be rendered upon a liability of the garnishee . . by reason of any money or other thing owing from him to the defendant, unless before judgment against the defendant it shall have become due absolutely and without depending on any future contingency." Sec. 2768, indeed, makes the garnishee liable for "all debts due or to become due;" but this phrase has been construed by this court, in *Bishop v. Young, supra,* as relating to such debts "as the garnishee owes absolutely, though payable in the future," and not to such as depend upon a contingency.

Lyon, J. The precise question presented by this appeal may be thus stated: Can a legacy to a judgment debtor be reached by garnishee process against the executor, issued and served before the final order of distribution; the trial of an issue taken upon the answer of the garnishee having been had after such order was made directing the executor to pay such legacy to the judgment debtor? The authorities are almost uniform that an executor or administrator is not liable to garnishee or trustee process before a final order for the distribution of the estate is made, unless he is rendered so liable by

some provision of statute. We have no statute in this state which takes such a case out of the general rule. Many of the cases which uphold this rule are cited in the brief of counsel for defendant. Indeed, we have been referred to but one case — *Stratton v. Ham*, 8 Ind., 84 — which holds the contrary rule. This is an exceptional case, and in a learned and elaborate note appended to it numerous cases are cited, and the unsoundness of the decision demonstrated on principle and by authority. Very many of the cases referred to were decided upon statutes not distinguishable from ours in principle, and the rule is too firmly established to be now overturned by judicial decision. That must be done, if done at all, by the legislature, as it has been in some of the states.

This court held, in *Hill v. Railroad Co.*, 14 Wis., 291, that a sheriff having moneys in his hands collected on execution in favor of a debtor, is not liable to garnishment. The reasons there given for the judgment are equally applicable to the case of an executor, especially before an order is made for the final distribution of the estate. See also *Burnham v. Fond du Lac*, 15 Wis., 193; *Buffham v. Racine*, 26 Wis., 449. True, Dixon, C. J., vigorously dissented from the doctrine of the court in the three cases last above cited; yet they must be regarded as settling a principle which is applicable to and must control our judgment in the present case. It must be held, therefore, that the executor, when summoned, was not liable to garnishment, and hence that the action against him fails. Manifestly it was not saved by the circumstance that the garnishee action remained in court until after the order of distribution. It is like the common case of an action prematurely brought. Such an action must abate, notwithstanding a cause of action has matured *pendente lite*. Whether the executor is liable to garnishment after the final order for settling and distributing the estate, is not here determined.

*By the Court.*— The judgment of the circuit court is affirmed.