Evans, Appellant, vs. Rector and another, Garnishees, Respondents.

*May 18 — June 21, 1900.*

*Garnishment: Filing of pleadings: Trustees: Liability as garnishees: Contingent interest:* "In custodia legis."

1. Plaintiff moved to strike out the answers of garnishees, upon which he had elected to take issue, for the reason that they had not been properly filed as required by sec. 2664, Stats. 1898 (prescribing that pleadings shall be filed before the commencement of the first term of court, after their service, in which the action is noticed for trial). On the hearing of such motion it appeared that the answers had been filed on the first day of the first term after the action had been duly noticed for trial. *Held* that, in the absence of anything in the record to indicate that such answers were not filed before the opening of court on that day, and in view of the court's order on such motion that they be permitted to stand and a finding that the action duly came on to be heard, there was no error in refusing the motion.

2. By the terms of a will G. was given a sum of money, but in case ten years should elapse without advices as to his existence the sum was to be divided between R. and A., who were appointed trustees of the fund by the proper county court, required to account therefor to such court, and gave bonds for the faithful performance of the trust. No advices having been received from G. for about six years, plaintiffs brought suit against G. and garnished R. and A. *Held*, that G. had no vested interest in or absolute right to the fund at the time of the service of the garnishee process, and that, under sec. 2768, Stats. 1898 (providing that a garnishee shall not be liable as such for property in his possession, unless the right of the principal defendant thereto was absolute at the time of the service of the garnishee process), the garnishees were not liable.

3. Under a will, a sum of money was given to G., but to go to R. and A. in case no advices of G.'s existence should be received within ten years, and R. and A. were duly appointed trustees thereof by the proper county court, and gave bonds to such court for the faithful execution of the trust as directed by the court. *Held*, that such fund is in the custody of the law and under the control of the court, and cannot be reached by garnishment of such trustees.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Affirmed.*

For the appellant the cause was submitted on the briefs of *E. Blewett.*

For the respondents there was a brief by *Giffin & Sutherland,* and oral argument by *D. D. Sutherland.*

CASSODAY, C. J.   This action was commenced in the county court November 22, 1898, to recover a balance of $95.92 due upon a promissory note executed by the principal defendant, Elmer D. Griswold, March 24, 1891, and the defendants *Marcella E. Rector* and *Almeda E. Atkins,* as trustees of Elmer D. Griswold, were garnished.   The officer having returned his inability to make service of the summons on the defendant Elmer D. Griswold, for the reason that he could not be found, nor his whereabouts ascertained, service thereof was made in form upon him by publication.

The garnishees answered to the effect: That they were the trustees of the defendant Elmer D. Griswold.   That their father died September 2, 1895, leaving a last will and testament, which was admitted to probate November 5, 1895. That the third clause of the will read as follows: " To my beloved son Elmer D. Griswold I give and bequeath one hundred dollars, he having already received at least thirteen hundred dollars more of my estate than either of my daughters.   As I have not seen nor heard from my son Elmer for several years last past, should a period of ten years elapse without advices as to his existence, then the one hundred dollars aforesaid, intended for my son Elmer, shall be equally divided between my two daughters, *Marcella E. Rector* and *Almeda E. Atkins.*"   That October 16, 1896, the county court made an order in the matter of such estate in effect reciting the clause of the will quoted, and that the estate was about to be closed up and settled, and for the purpose of closing and settling the same it was therein ordered that

*Marcella E. Rector* and *Almeda E. Atkins* be, and they were thereby, "nominated as trustees of said legacy of $100," and such trustees were thereby ordered to file a bond for the faithful execution of such trust, as therein directed; that, if Elmer D. Griswold should be found within the period of ten years from the date of the admission of such will to probate, then such trustees pay over to him the $100 so held in trust, but that, if he should not be found within that period, then such trustees divide the same between themselves, and make due report thereof to the court; that upon the filing of such bond letters of trust should be issued. That such bond was thereupon filed, and such letters of trust issued. That the whereabouts or existence of Elmer D. Griswold was unknown. That the ten years had not elapsed. That such trustees held such $100 in trust as aforesaid. That neither they nor either of them was indebted to him, nor had in her or their possession any property belonging to him, or in which he had any interest.

The plaintiff thereupon elected to take issue, and did take issue, with such answers, and each of them. The issues thus formed between the garnishees and the plaintiff were tried by the court, and at the close of the trial the court, on July 10, 1899, found, in effect, the facts as stated, and that for six years prior to that time the whereabouts of Elmer D. Griswold were unknown to such trustees, or either of them, or any one, and that during that time nothing had been learned, and no advices had been received, of his existence; and as conclusions of law the court found that such garnishees were not liable. From the judgment entered thereon accordingly the plaintiff brings this appeal.

Error is assigned because the court refused to strike out the answers of the garnishees. It appears from the record that the garnishees, respectively, served their answers December 9, 1898; that on the same day the plaintiff served his election to take issue with such answers, and the same

Evans vs. Rector and another.

was filed January 10, 1899; that April 15, 1899, the plaintiff served on the attorneys for the garnishees notice for taking the depositions of two witnesses, April 27, 1899, at Tracy, in Lyons county, Minnesota; that April 26, 1899, the plaintiff served notice of the trial of the action on the attorneys for the garnishees; that April 27, 1899, such depositions were taken; that the term of the court commenced May 8, 1899. At the commencement of that term of the court, counsel for the plaintiff moved to strike out the answers of the garnishees, for the reason that they had "not been properly filed, as required by statute." At the same time counsel for the garnishees stated that their answers had been filed on that day, and asked that such filing be permitted to stand, and such request was then and there granted. There is nothing in the record to indicate that such answers were not filed before the opening of the court on that day, and hence "before the commencement of the first term" of the court after their "service at which the action" was "noticed for trial," as prescribed by the statute (sec. 2664, Stats. 1898). With the recital in the findings that "the issues arising from the election to take issue upon the answers of the garnishees, which were made and filed to the affidavit for garnishment in such action, having duly come on to be heard before the court upon notice of trial duly served by the plaintiff," and after the action taken by the plaintiff, as stated, we cannot hold that there was any error in refusing to strike out such answers.

It requires no argument to show that the ruling of the trial court may properly be sustained. Our statute fixes and limits the liability of the garnishee. Sec. 2768, Stats. 1898. Under that statute this court has repeatedly held that "a garnishee is not liable as such for property in his possession unless the right of the principal defendant thereto is *absolute* at the time of the service of the garnishee process, nor for the amount of a debt if its becoming due de-

pends upon a contingency." *Edwards v. Roepke*, 74 Wis. 571; *Spitz v. Tripp*, 86 Wis. 25; *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305; *Gore v. Brucker*, 94 Wis. 68. The principal defendant, *Elmer D. Griswold*, had no vested interest in, nor absolute right to, the $100 at the time of the service of the garnishee process. On the contrary, and under the clause of the will quoted, he had no right to it, and never will have any right to it, unless within a period of ten years from the probate of the will his existence shall become known. If no advices as to his existence shall be received during that time, then the $100 is to become the absolute property of the two garnishees. As indicated, the garnishees were appointed trustees by the trial court for the very purpose of holding such fund until the determination of such contingency. They have given bond for the faithful execution of the trust as directed by the court. They are required to report to the court, and are answerable to the court, and can only be discharged from such liability by the court. The fund is in the custody of the law, and under the control of the court. Manifestly, such fund, in the hands of such trustees, cannot be reached by garnishment. *J. I. Case T. M. Co. v. Miracle*, 54 Wis. 295; *Blum v. Van Vechten*, 92 Wis. 378; *Bowden v. Schatzell*, 1 Bailey, Eq. 360, 23 Am. Dec. 170; *Marvin v. Hawley*, 9 Mo. 378, 43 Am. Dec. 547; *Bulkley v. Eckert*, 3 Pa. St. 368, 45 Am. Dec. 650; *First Nat. Bank v. Dunn*, 97 N. Y. 149. There is no reason for questioning the validity of the trust.

*By the Court.*—The judgment of the county court of Fond du Lac county is affirmed.