WILLIAMS, Respondent, vs. SMITH and others, Appellants.

*January 13—March 21, 1903.*

*Moneys* in custodia legis: *Executors: Creditors' suit: Supplementary proceedings: Exemptions: Income of personalty held in trust.*

1. Although secs. 3029, 3035, Stats. 1898, authorize, respectively, the maintenance of creditors' suits and of supplementary proceedings and the entry of judgment therein against all persons, without express exceptions, neither of such proceedings can be maintained against executors to control their conduct as to the payment or application of moneys in their hands belonging to the estate of their testator.

2. Except for express statute, all property of a debtor is liable for his debts.

3. Secs. 2083, 2089, Stats. 1898, apply only to real property, and do not exempt from liability for debt the income of personalty, held in trust for the debtor, which is payable to him absolutely and without condition; and although the fund so held in trust has proceeded from some person other than the debtor, the interest of the debtor in such income may be reached by supplementary proceedings.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

On May 24, 1901, J. P. Smelker, being the owner by assignment of two judgments against *George J. Smith,* upon which executions had been duly issued and returned unsatisfied, made affidavit before a court commissioner to certain rights and property belonging to the debtor under the will of his wife, Mary A. Smith, who had then lately died, and whose estate was in process of settlement in the hands of her executors, whereupon the court commissioner appointed the present plaintiff, *Williams,* receiver of all property of said judgment debtor, and he commenced suit against said *George J. Smith* and against the said executors. Upon the trial of that action, it appeared that the executors at that time had

in their possession about $6,800 of securities and evidences of indebtedness, which they held under a will containing the clause:

"I give, devise, and bequeath the use of all my estate personal . . . to my husband, *George J. Smith,* for and during the term of his natural life; meaning that all income from my personal property, estate, interest on moneys, etc., shall be annually paid to him by my executors and trustees hereinafter named."

The remainder, after his death, was bequeathed to others. It also appeared that the judgment debtor had no property out of which the judgments could be realized, and that at the time of the trial the period for proving debts against the estate of the testatrix had elapsed, and only $150 of claims had been proved; that the executors had collected some $340 of interest, and some $270 more was accrued at the time of the judgment. Whereupon judgment was entered establishing a lien in favor of the plaintiff upon the interest of *George J. Smith* in said income, assigning and vesting in said plaintiff all the judgment debtor's rights in said income under the will, and adjudging the plaintiff entitled to receive the same from the executors as soon as the county court should determine the net amount on hand above debts and expenses of administration, and also to receive all income collected by them annually thereafter during the life of said *Smith.* It also enjoined the judgment debtor from interfering in any way with, or assigning or incumbering, said estate to the injury of plaintiff's rights. The judgment further enjoined the executors from transferring or disposing in any way of any of the said income to the injury of the plaintiff, and commanded the said executors to pay to the plaintiff the income already collected as soon as the amount should be definitely ascertained by the county court, and in annual instalments thereafter, and adjudged costs against the defendants generally, but as against the executors merely in their official

capacity. From that judgment both the principal debtor, *George J. Smith,* and the executors appeal.

For the appellants there was a brief by *Reese, Carter & Mason,* and oral argument by *Vroman Mason* and *H. L. Butler.*

For the respondent there were briefs by *Smelker & Smelker,* and oral argument by *J. P. Smelker.*

The following opinion was filed February 3, 1903:

DODGE, J.   1. The first question presented is whether, either upon proceeding supplementary to execution or upon a creditors' bill, the conduct of executors can be controlled by a court other than that from which they derive their authority. In other words, whether they are exempted from the broad language of secs. 3029, 3035, Stats. 1898, authorizing the maintenance of such proceedings and the entry of judgment therein against all persons, without express exceptions. That question is highly important, and appears never to have been raised or decided in this court, although we presume such proceedings have been often attempted in the trial courts, and in one instance, at least, sustained in this court, where no objection was raised. *Oppenheimer v. Collins,* 115 Wis. 283, 91 N. W. 690.

At an early day this court held that there must be imported, by construction, into the garnishment statute, an exception in favor of moneys *in custodia legis,*—in that case in the hands of a sheriff. *Hill v. La C. & M. R. Co.* 14 Wis. 291. The court there reviewed the conflicting authorities and the reasons given by various courts for holding against the garnishment of moneys so held, and adopted the following language from *Marvin v. Hawley,* 9 Mo. 378, 384:

"If the practice of garnishing the sheriff for money in his hands, received on execution, were tolerated, it would not only greatly interrupt the due and speedy administration of the law, and prevent the courts from consummating their

judgments, but it would involve the ministerial officers of the court in interminable difficulties and delay in the discharge of their duties."

The reasons were summed up by COLE, J., in the following words:

"The practice would inevitably hinder and delay the sheriff in the discharge of those duties connected with the administration of the civil and criminal law of the state."

In *Burnham v. Fond du Lac,* 15 Wis. 193, the same exception was extended to municipal corporations, upon the same reasons as those urged in the preceding case, although others also were found; and in *J. I. Case T. M. Co. v. Miracle,* 54 Wis. 295, 11 N. W. 580, executors were held to be exempt from garnishment, at least prior to a final order of distribution. The applicability of the same principle to trustees, accountable to a court, on the ground that the fund in their hands is in the custody of the law and under the control of the court appointing them, was intimated in *Evans v. Rector,* 107 Wis. 286, 290, 83 N. W. 292. We may therefore consider that this court, from amidst some conflict of authority elsewhere, has adopted the principle that moneys *in custodia legis,* the management and distribution of which are already under the control of a court, are not intended to be reached by garnishment proceedings instituted by creditors of the beneficiary which are directed at the custodians of the money and in which the judgments must affect and control the conduct of such custodians, thus imposing upon them burdens and inconvenience in the performance of their legal duties, and also conflicting with and obstructing the freedom and discretion of the court in whose custody the fund is; and this upon broad grounds of public policy.

Upon the question whether like considerations must prevent attempts to reach such funds by process other than garnishment, as by creditors' bill or supplementary proceedings, there is also conflict of authority. Those courts which deny

efficacy to such proceedings do so upon grounds identical with those adopted in Wisconsin on the subject of garnishment. A few such cases are: *U. S. v. Eisenbeis* (D. C.) 88 Fed. 4; *Anheuser-Busch B. Asso. v. Hier,* 52 Neb. 424, 72 N. W. 588; *Addyston P. & S. Co. v. Chicago,* 170 Ill. 580, 48 N. E. 967; *Smith v. McNamara,* 15 Hun, 447; *Comm. v. Hide & Leather Ins. Co.* 119 Mass. 155; *Philadelphia G. & B. S. Co. v. Douglass,* 14 Pa. Co. Ct. R. 234, 236. In *Anheuser-Busch B. Asso. v. Hier* it is said:

"The rule that personal property *in custodia legis* is not subject to attachment or garnishment was adopted for the protection of the officer, and to avoid collision of authority and conflict of title. And the same principle forbids the maintaining of an independent equitable action to subject money in the hands of the clerk of the court in his official character. . . . No case has been cited by counsel, nor by diligent search have we been able to find a single one, in which money in the custody of the law has been subjected to the claim of a creditor by means of an action like the one before us. We do not think it can be maintained on principle."

This logic seems to us unanswerable. No consideration which renders the garnishment of money in the hands of executors contrary to public policy fails when an attempt is made, through the medium of a court of equity, to control the conduct of such officers by injunction or by mandatory judgment for the payment or application of the funds in their hands. The same burdens of inconvenience and expense to the custodian result from the one proceeding as from the other. The conflict with the court charged with the duty of regulating the conduct of the executor is quite as great in the latter procedure as in the former. We feel constrained to hold, in agreement with the authorities above cited, that the same considerations of public policy heretofore declared with reference to garnishment extend to creditors' bills and supplementary proceedings, and that the latter cannot be maintained as against these executors. Hence that portion

of the judgment which acts on the executors as such, enjoining them from transferring or disposing of the income of the personal estate in their hands, to the injury of the plaintiff, and directing and requiring them to pay to the plaintiff the income already collected, and annually thereafter that which shall be collected, is erroneous and must be reversed. The bill, as against such executors, should have been dismissed.

2. The remaining question is whether a creditor, through the medium of supplementary proceedings, can reach the interest of a judgment debtor in personal property, or its income, held for him upon a trust proceeding from a third person. Both counsel address themselves to a discussion of sec. 3029, Stats. 1898, which authorizes a suit (generally termed a creditors' suit) in equity by the judgment creditor to reach property due or held in trust for the debtor, "except where such trust has been created by or the fund so held in trust has proceeded from some person other than the defendant himself." On the one hand, it is contended that this, by implication, forbids such a suit to reach property so held; on the other, that such prohibition is ·overcome by the provisions of secs. 2083, 2089, Stats. 1898. The question discussed is not whether property so in trust is exempted from liability for debts of the beneficiary, but whether it is excluded from the proceeding authorized by sec. 3029 by its very words above quoted. Strangely enough, both counsel seem to wholly overlook the fact that the present proceeding is not the one authorized by that section of statute, nor in any wise dependent upon it. This suit is not commenced by the judgment creditor, but, on the contrary, is a step in the proceedings authorized and regulated by secs. 3030–3038, Stats. 1898, commonly called "supplementary proceedings," whereby the debtor may be called summarily before a magistrate to be examined, and any property "not exempt from execution" may be ordered applied on the·judgment, and necessary steps by appointment of receiver, with authority to sue,

etc., may be taken to effect such application. This proceed-
ing came into our practice in 1856 (ch. 120, secs. 202–213),
and is entirely distinct from that laid down by the prototype
of sec. 3029, Stats. 1898, viz., ch. 303, Laws of 1860. Hence
the clause above quoted from the latter statute, whatever its
meaning, cannot serve to limit or control procedure or rights
under the former. Confining ourselves, then, to the statutes
which are applicable, we find that sec. 3035, Stats. 1898, au-
thorizes application to the judgment of "any property of the
judgment debtor in the hands either of himself or any other
person, or due to the judgment debtor, not exempt from exe-
cution." We cannot doubt that the words "not exempt from
execution," so used, are equivalent to "not exempted by ex-
press statute from execution." It may be stated generally
that, except for express statute, all property of a debtor is
liable for his debts. Such is the obvious implication of sec.
17, art. I, of our constitution. We have been referred to no
statute exempting personal property held in trust, nor the
proceeds or income thereof, when the debtor is absolutely en-
titled thereto, so that he can sell or assign. Secs. 2083, 2089,
Stats. 1898, are called to our attention, in connection with
decisions under the corresponding sections of the New York
statutes, as sustaining immunity of trust income from debts,
either in whole, or to the extent of the beneficiary's needs for
support. These statutes of Wisconsin, however, apply only
to real estate, and we have no counterpart for the New York
statute which the courts there have construed to apply the
same policy to personalty. *Lamberton v. Pereles,* 87 Wis.
449, 461, 58 N. W. 776. We cannot view these sections as
exempting from liability for debt the income of the personal
estate held in trust for appellant *George J. Smith,* which is
payable to him absolutely and without condition. Being so
payable, his power of transfer and alienation is absolute.
*Lamberton v. Pereles, supra.* He could by his own volition
transfer this valuable property right to the judgment cred-

itor or to the receiver in part satisfaction of the judgment. It is competent for a court of equity, acting upon the debtor personally, to compel him to make such transfer, or, in lieu thereof, to effectuate that result by its decree. Such transfer can be as complete and of as full effect as any the debtor could make, to vest in the assignee complete ownership and right to demand payment from the trustees, and to hold them to liability in case they disregard his rights after proper notification and demand. Doubtless such transfer is fully accomplished by so much of the decree as is addressed toward *George J. Smith* and toward his beneficial interest, adjudging completed transfer thereof and enjoining him from otherwise assigning or interfering with it. To that extent, we hold the judgment warranted by the record. On the other hand, that portion of the decree which acts on the executors, by either commanding them to pay to plaintiff, or to refrain from other acts with reference to the fund in their hands, is erroneous.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to enter judgment dismissing the complaint as against *George A. Smith* and *Henry J. Hicks,* as executors, and awarding relief against the defendant *George J. Smith* in accordance with the foregoing opinion.

Upon a motion by the respondent for a rehearing it was urged that the action should not be dismissed as to the executors. They are necessary parties, and without them no effective remedy can be given the plaintiff to enforce the right to the fund which the court says he should have. *Arlington State Bank v. Paulsen,* 57 Neb. 717, 78 N. W. 303, 80 N. W. 263; *Rickelson v. Merrill,* 148 Mass. 76, 19 N. E. 11; *Barry v. Abbott,* 100 Mass. 396; *Lord v. Harte,* 118 Mass. 271; *Sparhawk v. Cloon,* 125 Mass. 263; *Forbes v. Lothrop,* 137 Mass. 525; *Baker v. Brown,* 146 Mass. 369; *Maynard v. Cleaves,* 149 Mass. 307; *Guyer v. Wilson,* 139 Ill. 392;

*Binns v. LaForge,* 191 Ill. 598, 61 N. E. 382; *Re Qua v. Graham,* 187 Ill. 67, 58 N. E. 357; *Girard L. Ins. & T. Co. v. Chambers,* 46 Pa. St. 485; *Keyser v. Mitchel,* 67 Pa. St. 473; *Hallett v. Thompson,* 5 Paige, 583; *Degraw v. Classon,* 11 Paige, 136; *Williams v. Thorn,* 70 N. Y. 270; *Wetmore v. Wetmore,* 149 N. Y. 520; *Brooks v. Raynolds,* 59 Fed. 923; *Nichols v. Eaton,* 91 U. S. 716; *May v. Bryan,* 17 App. D. C. 392; *Boswell v. Hall,* 6 Ohio N. P. 497; *Murphy v. Busick,* 22 Ind. App. 247, 53 N. E. 475; *Earle v. Grove,* 92 Mich. 285, 52 N. W. 615; *Cassady v. Grimmelman,* 108 Iowa, 695, 77 N. W. 1067; *Morgan v. Kingman,* 123 Mich. 197, 81 N. W. 1089; *Kinloch v. Meyer,* Speer Eq. 427; *Farrar v. Haselden,* 9 Rich. Eq. 331; *Maloney v. Jones* (Tenn.) 59 S. W. 700; *Hutchinson v. Maxwell* (Va.) 40 S. E. 655; *Gorman v. Stillman* (R. I.) 52 Atl. 1088; *Helm v. Hardin,* 41 Ky. 231; *Bowen v. Gent,* 54 Md. 555; *Hartley v. Bloodgood,* 16 Ala. 233; *Williams v. Bankhead,* 19 Wall. 563; Story, Eq. Pl. § 207; *Johnson v. Coleman,* 23 Wis. 452; *Catlin v. Wheeler,* 49 Wis. 507.

The motion was denied March 21, 1903.