Crew, J.
In the present case the precise question presented by the record may be stated thus: Can an administrator with the will annexed, before an order of distribution is made of the estate he represents, be charged as garnishee in respect to property er funds in his hands that may ultimately belong to *56 one named in said -will as residuary legatee? The clear weight of authority undoubtedly is that executors and administrators cannot be thus charged. Such has been the almost uniform holding of the courts of last resort except in those jurisdictions where the rule has been changed by express statutory enactment. And this rule has thus been generally so held and applied by the courts, whether it was sought to charge the executor or administrator on account of a debt owing from the estate to the defendant in the attachment suit, or on account of the latter’s being entitled to a distributive share of the estate as heir or legatee. 14 Am. & Eng. Ency. Law, 829. Indeed, so far as our examination of the authorities has enabled us to discover, the only state in which the garnishment of an executor or administrator is allowed before final settlement or order of distribution, in the absence of express statutory authority therefor, is the state of Indiana. It was held by the supreme court of that state in 1856, in the case of Stratton v. Ham, 8 Ind., 84, that the unascertained distributive shares of a decedent’s estate in the hands of the executor, are effects liable to the process of garnishment. This case has been much criticised and its doctrine almost universally repudiated in other jurisdictions. It was said of it by Lyon, J., in Machine Co. v. Miracle, Exr., etc., 54 Wis., 299: “This is an exceptional case, and in a learned and elaborate note appended to it numerous cases are cited and the unsoundness of the decision demonstrated on principle and by authority. ’ ’' It would seem to us but reasonable, therefore, that a rule so universally recognized by text writers and so firmly established by judicial decisions as is the *57 rule, that an executor or administrator holding in his representative capacity cannot in the absence of express statutory authorization, in advance of an order of distribution, be held or charged as garnishee in respect to property or funds in his hands belonging to an heir or legatee, should not now, in the absence of statutory requirement, or other cogent and compelling reason, be disregarded or disturbed by us.
That the general rulé of law is- as above stated, counsel for defendant in error admit. But they contend that in Ohio the right is given by statute to so charge an executor or administrator, and that the existence of such right is shown and recognized by section 5531, Eevised Statutes, which section is as follows:
‘ ‘ Section 5531. The service of process of garnishment upon the sheriff, coroner, clerk, constable, master commissioner, marshal of a municipal corporation, or other officer having in his possession any money, claim or other property of the defendant, or in which the defendant has an interest, shall bind the same from the time of such service, and shall be a legal excuse to such officers, to the extent of the demand of the plaintiff, for not paying such money or delivering such claim or property to the defendant, as by law or the terms of the process in his> hands he would otherwise be bound to do.”
The circuit court in its opinion in the present case says: “Were it not for the section above referred to (section 5531) we are not prepared to say that a legacy could be attached especially if the amount was unascertained.” But they say: “We are of .the opinion that under section 5531 an undetermined *58 legacy either in the hands of an administrator or 'executor may he garnisheed; that administrators and executors are included under the designation of other officer in the above section.” Upon this interpretation of this statute the circuit court predicated its judgment. It will be observed that this statute does not mention executors and administrators nor does it in terms provide or prescribe who may be served with garnishee process, it undertakes only as stated in its title, to define the effect of service of the process of garnishment upon public officers. Therefore to give to this section the construction and interpretation placed upon it by the circuit court is, we think, to thereby unduly extend its scope and give to it a potential effect neither warranted by its purpose and provisions nor intended by the legislature. Whether executors and administrators can in any proper sense be regarded as officers may well be doubted. Obviously they are not public officers as. are all those who are specifically named in section 5531, and the obligations and duties devolving upon them in their representative capacity are wholly dissimilar and unlike the duties to be performed by the officers so named and designated. But if it be conceded that executors and administrators fall within the designation “other officer” as found in said statute, it by no means follows that in an action against, the heir or legatee, the executor or administrator may, in advance of an order of distribution and while the estate remains unsettled, be held and charged as garnishee in respect to property in his hands unadministered. So long as the estate remains unsettled, or at least until order of distribution is made, the property'held by an executor or adminis *59 trator as such, is in the custody of the law and does not vest in, or become the property of the heir or legatee. Until such time the executor or administrator is not the debtor of the heir or legatee, nor is it-certain that he is the custodian of any property belonging to him. In the due course of administration the debts, costs of administering the trust, and specific legacies, are to be first paid and until final settlement or order of distribution, there is not such certainty of fact that the executor or administrator holds or has “in his possession any money claim or property belonging to the heir or legatee, or in which he has an interest” as would warrant or justify holding the executor or administrator liable as garnishee even under an answer by him showing that there would probably be something due the heir or legatee upon the final settlement of the estate. The heir or legatee has no present right to, or interest in, the property and whether there will be any' amount due him on final settlement and order of distribution is matter of contingency.
When we consider, then, that to give section 5531 the force and effect claimed for it by counsel for defendant in error and allowed to it by the circuit-court, is to abrogate a well and firmly established rule of law, presumably known to the legislature at the time of the enactment of said section, we think we may well conclude that if the legislature had intended thereby to provide for and authorize the attachment of, and to allow garnishee process to issue against, executors and administrators, it would have named them in the statute and would not have left its purpose, and intention in that behalf to implication, or to be discovered only through the medium of *60 judicial interpretation. The fact that the legislature did not specifically name executors and administrators in section 5531 or in apt language designate or describe them, clearly shows, we think, an absence of intention on its part to include them in its provisions.

The judgment of the circuit court is reversed and garnishee disclvarged.

Davis, C. J., Shatjck and Spear, JJ., concur.