Olson, Appellant, vs. Gilbertson, Respondent:
Cotherman, Administrator, Garnishee.

*November 4—December 2, 1941.*

For the appellant there was a brief by *Graves & Earll* of Prairie du Chien, and oral argument by *J. S. Earll*.

*Harry E. Carthew* of Lancaster, for the respondent.

MARTIN, J. The facts, which are not in dispute, clearly sustain the trial court's findings: (1) That the garnishee had no property, effects, or credits in his possession or under his control belonging to the defendant, Vernon Gilbertson; (2) that the garnishee was not indebted to or under liability to the defendant unless it was by reason of property held by him as administrator of the estates of Eric E. and Julia Gilbertson in the process of administration, in which no final account had been rendered and in which the administrator (garnishee) had not sufficient funds to pay funeral expenses, expenses of administration, and to pay the defendant and his sister, Della DiVall, each the sum of $1,350; (3) that the administrator was not a party to the agreement set out in the foregoing statement of facts, that under the terms of said agreement nothing became due to defendant until he had executed and delivered deeds of real estate and assignments of his interest in both estates to other persons than the administrator.

Upon the undisputed facts we think it clear that the property in the hands of the administrator was not subject to garnishment. In *J. I. Case Threshing Machine Co. v. Miracle,* 54 Wis. 295, 11 N. W. 580, an executor was garnisheed in aid of an execution issued on a judgment in favor of the plaintiff against defendant Miracle. The testator, Joseph Miracle, bequeathed $400 to Charles Miracle, the execution debtor.

When the executor was summoned as garnishee he had several thousand dollars in his hands belonging to the estate. The garnishee answered, showing these facts, and issue was taken on the answer. Before the issue was tried, the estate of the testator was settled and the county court made a final order of distribution, in which the executor was directed to pay the amount of the above legacy to the execution debtor. The circuit court held that the executor was not liable to garnishment and gave judgment for the garnishee. Upon appeal this court affirmed judgment. At page 298 the court said:

"The precise question presented by this appeal may be thus stated: Can a legacy to a judgment debtor be reached by garnishee process against the executor, issued and served before the final order of distribution; the trial of an issue taken upon the answer of the garnishee having been had after such order was made directing the executor to pay such legacy to the judgment debtor? The authorities are almost uniform that an executor or administrator is not liable to garnishee or trustee process before a final order for the distribution of the estate is made, unless he is rendered so liable by some provision of statute. We have no statute in this state which takes such a case out of the general rule. Many of the cases which uphold this rule are cited in the brief of counsel for defendant. Indeed, we have been referred to but one case—*Stratton v. Ham*, 8 Ind. 84—which holds the contrary rule. This is an exceptional case, and in a learned and elaborate note appended to it numerous cases are cited, and the unsoundness of the decision demonstrated on principle and by authority. Very many of the cases referred to were decided upon statutes not distinguishable from ours in principle, and the rule is too firmly established to be now overturned by judicial decision. That must be done, if done at all, by the legislature, as it has been in some of the states."

It should be noted in connection with this case that the court left open the question of whether the executor is liable to garnishment *after* the final order for settling and distributing the estate. See last sentence of the opinion at bottom of

page 299. That question is not here in the instant case but so far as we are advised it is still an open question in this jurisdiction.

In *Williams v. Smith,* 117 Wis. 142, 93 N. W. 464, an attempt was made in a supplementary proceeding to reach property in the hands of executors to apply upon judgments against one George J. Smith who took under the will of Mary A. Smith, whose estate was in the process of settlement in the hands of her executors. It appeared that the executors had in their possession about $6,800 worth of securities and evidences of indebtedness, the income from which was payable to the defendant George J. Smith for and during the term of his natural life. At page 144 the court said:

"At an early day this court held that there must be imported, by construction, into the garnishment statute, an exception in favor of moneys *in custodia legis.* . . ." Citing *Hill v. La Crosse & M. R. Co.* 14 Wis. *291.

At page 145 the court said:

"In *Burnham v. Fond du Lac,* 15 Wis. *193, the same exception was extended to municipal corporations, upon the same reasons as those urged in the preceding case, although others also were found; and in *J. I. Case T. M. Co. v. Miracle,* 54 Wis. 295, 11 N. W. 580, executors were held to be exempt from garnishment, at least prior to a final order of distribution. The applicability of the same principle to trustees, accountable to a court, on the ground that the fund in their hands is in the custody of the law and under the control of the court appointing them, was intimated in *Evans v. Rector,* 107 Wis. 286, 290, 83 N. W. 292. We may therefore consider that this court, from amidst some conflict of authority elsewhere, has adopted the principle that moneys *in custodia legis,* the management and distribution of which are already under the control of a court, are not intended to be reached by garnishment proceedings instituted by creditors of the beneficiary which are directed at the custodians of the money and in which the judgments must affect and control the conduct of such custodians, thus imposing upon them burdens

and inconvenience in the performance of their legal duties, and also conflicting with and obstructing the freedom and discretion of the court in whose custody the fund is; and this upon broad grounds of public policy."

To same effect see 59 A. L. R. 769, annotation, citing cases from fifteen jurisdictions to the point that an executor or administrator of an estate cannot be charged as garnishee in an action against an heir or devisee, with respect to money or property in his hands in his representative capacity, before a probate court has made an order of distribution. Also see 4 Am. Jur. pp. 811–815.

The exception to the general rule in this jurisdiction is found in sec. 318.08, Stats., which provides:

"(1) Whenever any legacy or distributive share of any estate belongs to any debtor who has absconded from or is a nonresident of this state, any of his creditors may petition to intervene in the probate proceedings to compel the application of said legacy or distributive share to the payment of his debt, and whenever it shall be necessary a citation to such debtor to appear at a time certain may be served by publication." Subs. (2) and (3) relate to the procedure.

In *Estate of Wakefield*, 182 Wis. 208, 215, 196 N. W. 541, referring to sec. 3940*b* (now 318.08), the court said:

"Sec. 3940*b* is a remedial statute and was designed to furnish a mode of enabling creditors, under the conditions stated, to collect just debts when no other remedy might avail."

Sec. 318.08, Stats., was revised by sec. 39, ch. 190, Laws of 1933, to read as quoted above. Ch. 190, Laws of 1933, was an act to revise portions of title XXIX—Proceedings in County Courts—of the statute, and kindred provisions relating to proceedings in county courts for the purpose of simplifying and improving said proceedings and harmonizing the substantive provisions with the procedural rules, being revised by the supreme court. If an executor or administrator were subject to garnishment as here contended by appellant there

would have been no occasion for the enactment of sec. 318.08, Stats.

Appellant argues that the amendment of the garnishment laws by ch. 541, Laws of 1935, has so changed our statutes in reference to garnishment that the decisions of this court above quoted are no longer binding. There is no merit in this contention.

The agreement entered into by the heirs as set out in the findings of fact, on which plaintiff relies as affording grounds for this garnishment action, was an arrangement for the distribution of the residue of the estate between themselves in accordance with the terms of the agreement. It did not have the force and effect of an order of the court for distribution and the administrator could not be required to make any payments to the heirs as provided in the agreement until an order of the court had been obtained approving it and ordering the administrator to distribute the residue in accordance with the agreement; and whether the defendant, Vernon Gilbertson, was to receive the $1,350 as his share of the residue depended upon his executing and delivering the deeds as required of him by the agreement. He had not done so at the time of the service of the garnishee summons upon the administrator on May 14, 1940. The judgment of the trial court is proper and must be affirmed.

*By the Court.*—Judgment affirmed.