WELCH and wife, Assignees, Plaintiffs and Appellants, v. FIBER GLASS ENGINEERING, INC., and others, Defendants: MIDDLETON, Defendant and Respondent: KIRLEY, Clerk of Circuit Court, Garnishee Defendant.

*April 12—May 13, 1966.*

144

For the appellants there were briefs by *Immell, Herro, Buehner, DeWitt & Sundby* of Madison, and oral argument by *Jack R. DeWitt.*

For the respondent there was a brief and oral argument by *John T. Harrington* of Madison.

CURRIE, C. J.    The sole issue on this appeal is whether the funds in the hands of the clerk of court are exempt from garnishment as being money in her hands within the meaning of sec. 267.18 (3), Stats., when the court has directed payment of those funds to the debtor of the party attempting garnishment.    Sec. 267.18 (3) in part provides:

"No person shall be liable as garnishee: . . .
"(3)  By reason of any money in his hands as a public officer; . . ."

It is a general rule at common law that property or funds held in one's capacity as a public officer or by authority derived from law are deemed held in *custodia*

*legis* and are not subject to garnishment.[1] In Wisconsin this general rule has been codified by subs. (2) and (3) of sec. 267.18, Stats.[2] This statute first appeared as sec. 2769, R. S. 1878. At that time sub. (3) provided that no person should be liable as garnishee "By reason of any money in his hands, as a public officer, *and for which he is accountable to the defendant merely as such officer."* (Emphasis supplied.) By ch. 541, sec. 111, Laws of 1935, this section was amended to read as it does presently by striking the last phrase.[3]

This court has generally recognized and approved of the doctrine of *custodia legis.* In the early case of *Hill v. La Crosse and Milwaukee R. Co.*[4] this court stated:

". . . moneys in the hands of a sheriff, collected by him upon an execution, cannot be seized on attachment or garnisheed by a third party, a creditor of the plaintiff in execution. . . .

". . . one consideration for exempting money in the hands of a sheriff from levy or attachment, which to our minds is very cogent, and which is well presented by the court in the case of *Marvin v. Hawley, supra.* The court there say: 'If the practice of garnisheeing the sheriff for money in his hands received on execution,

---

[1] 38 C. J. S., Garnishment, p. 244, sec. 44; 6 Am. Jur. (2d), Attachment and Garnishment, p. 702, sec. 196; *Williams v. Smith* (1903), 117 Wis. 142, 144, 145, 93 N. W. 464 (quoted with approval in *Olson v. Gilbertson* (1941), 239 Wis. 241, 246, 300 N. W. 918); also see *Ward v. Commissioner of Internal Revenue* (9th Cir. 1955), 224 Fed. (2d) 547, 552, and *Hopping v. Hopping* (1943), 233 Iowa 993, 1005, 10 N. W. (2d) 87, 152 A. L. R. 436.

[2] Sec. 267.18 (2), Stats., provides that no person shall be liable as garnishee "By reason of anything received or collected by him by execution or other process."

[3] Sub. (2) has also undergone some change. In 1878 it originally appeared as "By reason of any money, or other thing, received or collected by him as sheriff, or other officer, by force of an execution, or other legal process, in favor of the defendant." The same ch. 541, sec. 111, Laws of 1935, that changed sub. (3) also changed sub. (2) to read as it does presently.

[4] (1861), 14 Wis. 315 (*291).

were tolerated, it would not only greatly interrupt the due and speedy administration of the law, and prevent the courts from consummating their judgments, but it would involve the ministerial officers of the courts in interminable difficulties and delay in the discharge of their duties.' " [5]

In *J. I. Case Threshing Machine Co. v. Miracle*,[6] this court further expanded the doctrine of *custodia legis* to executors of estates. The court cited the *Hill* decision as setting forth the reasoning for such a result. However, the court expressly left open the question of whether an executor is liable for garnishment after the final order for settling and distributing the estate.[7] This decision and reasoning were reaffirmed, and applied to an administrator in *Olson v. Gilbertson*.[8] The court there, however, again stated:

"It should be noted in connection with this case that the court [in *J. I. Case*] left open the question of whether the executor is liable to garnishment *after* the final order for settling and distributing the estate. See last sentence of the opinion at bottom of page 299. That question is not here in the instant case but so far as we are advised it is still an open question in this jurisdiction." [9]

To the effect that funds in the hands of a trustee are in *custodia legis* and not subject to garnishment see *Evans v. Rector*.[10]

The most complete statement of this court's position concerning *custodia legis* is found in a case not directly concerned with that question. In *Williams v. Smith*,[11]

[5] Id. at pages 317, 318 (*293, *294). For a later execution case decided under sub. (2) of sec. 2769, R. S. 1878, see *Storm v. Adams* (1882), 56 Wis. 137, 143, 14 N. W. 69.

[6] (1882), 54 Wis. 295, 11 N. W. 580.

[7] Id. at page 299.

[8] (1941), 239 Wis. 241, 300 N. W. 918.

[9] Id. at pages 245, 246.

[10] (1900), 107 Wis. 286, 290, 83 N. W. 292.

[11] (1903), 117 Wis. 142, 93 N. W. 464.

after summarizing the *custodia legis* cases, the court said:

"We may therefore consider that this court, from amidst some conflict of authority elsewhere, has adopted the principle that moneys *in custodia legis,* the management and distribution of which are already under the control of a court, are not intended to be reached by garnishment proceedings instituted by creditors of the beneficiary which are directed at the custodians of the money and in which the judgments must affect and control the conduct of such custodians, thus imposing upon them burdens and inconvenience in the performance of their legal duties, and also conflicting with and obstructing the freedom and discretion of the court in whose custody the fund is; and this upon broad grounds of public policy." [12]

Plaintiffs urge that the rule of exemption from garnishment based on the theory of *custodia legis* embodied in sec. 267.18 (3), Stats., should not be applied to a situation where, as here, the officer has already been ordered by the court to make distribution to the principal defendant. They point out that the reason for the common-law *custodia legis* doctrine of exemption has disappeared when a court order for distribution has been entered directing disposition of the funds. They further stress the fact that both original sec. 2769, R. S. 1878, and the amendment made by ch. 541, sec. 111, Laws of 1935, were revisor's bills which do not effect changes in the common law. [13]

A number of courts have invoked an exception to the general rule of the exemption from garnishment of funds held in *custodia legis* where an order has been made

[12] Id. at page 145.
[13] Cases holding that a revisor's bill is presumed to not change the common law are: *Gray v. Wisconsin Telephone Co.* (1966), 30 Wis. (2d) 237, 248, 140 N. W. (2d) 203; *State ex rel. Youmans v. Owens* (1965), 28 Wis. (2d) 672, 680, 137 N. W. (2d) 470; *International Union v. Gooding* (1947), 251 Wis. 362, 372, 29 N. W. (2d) 730.

directing the court officer or custodian to disburse the funds.[14]

There are courts that take a contra view and hold that even where funds in the hands of a public official are ordered paid to a named individual they are still in *custodia legis* and not subject to garnishment.[15]

We are much impressed with the logic of the holdings of those courts which have decided that an exception should be made to the common-law rule of exemption from garnishment of funds held in *custodia legis* where at time of institution of garnishment proceedings a court order had already been entered directing the officer or custodian of the fund to pay the same to the principal defendant. This is because the entry of such order terminates all the policy reasons which caused courts to formulate the exemption rule.

There is another factor to be considered, however, and that is the recent extensive revision by the legislature of ch. 267, Stats., as enacted by ch. 507, Laws of 1965, effective January 1, 1966. This revision was made upon recommendation of the legislative council after careful study and was accomplished by repeal and re-creation in revised form of ch. 267. While sec. 267.18 (3) was reenacted as sec. 267.19 (3) exactly as previously worded,

[14] *Boylan v. Hines* (1907), 62 W. Va. 486, 59 S. E. 503; *Los Angeles v. Knapp* (1937), 22 Cal. App. (2d) 211, 70 Pac. (2d) 643; *Dunsmoor v. Furstenfeldt* (1891), 88 Cal. 522, 26 Pac. 518; *Fisher v. Jacobs* (1963), 39 Ill. App. (2d) 332, 188 N. E. (2d) 505; *Hopping v. Hopping, supra,* footnote 1; *Langdon v. Lockett* (1844), 6 Ala. 727; *LeRoy v. Jacobosky* (1904), 136 N. C. 443, 48 S. E. 796; *Mundil v. Hutson* (1928), 33 N. M. 388, 268 Pac. 566; *Orchard & Wilhelm Co. v. North* (1938), 135 Neb. 39, 280 N. W. 272; and *Ward v. Commissioner of Internal Revenue, supra,* footnote 1.

[15] *H. & M. Fire Service Co. v. Combs* (1934), 140 Kan. 35, 34 Pac. (2d) 943; *Chealy v. Brewer* (1811), 7 Mass. 259; *Curtis v. Ford* (1890), 78 Tex. 262, 14 S. W. 614; *Dale v. Brumbly* (1904), 98 Md. 468, 56 Atl. 807; 6 Am. Jur. (2d), Attachment and Garnishment, p. 706, sec. 203; 38 C. J. S., Garnishment, p. 248, sec. 45.

the presumption applicable to a revisor's bill, that no change has been wrought in the common law, is no longer applicable to this statute. Thus with respect to present sec. 267.19 (3), Stats. 1965, we would not feel free to read into this statute the exception that the exemption then imposed does not apply where a court has already directed the public officer to disburse the money to the principal defendant. Such an exception would be repugnant to the plain statutory language.

Although this garnishment proceeding is governed by sec. 267.18 (3), Stats. 1963, and not by sec. 267.19 (3), Stats. 1965, we deem it advisable in the interest of uniformity to accord the same construction to the former that we determine we must accord to the latter. Therefore, we approve the holding of the trial court that the garnishee defendant was not liable as garnishee.

*By the Court.*—Judgment affirmed.